GEORGE R. BEANE *vs*. OSCAR HARTFORD.

BURTON GAY, PRO AMI. *vs*. OSCAR HARTFORD.

HARRY A. GAY *vs*. OSCAR HARTFORD.

Kennebec.    Opinion, September 22, 1943.

*McLean, Southard & Hunt,* by *Ernest L. McLean,* for the plaintiffs.

*Locke, Campbell & Reid,* by *Herbert E. Locke,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

THAXTER, J.   There are involved here three cases based on negligence each growing out of the same automobile accident. Burton Gay, a minor, sues by his father as next friend to recover for personal injuries and for the loss of his automobile; Harry A. Gay, the father, seeks to recover for the loss of earnings of his minor son, and for expenses which he as parent has incurred and claims he will incur for medical treatment of his son's injuries; and George R. Beane who was a passenger in the Gay car seeks to recover damages for personal injuries. The cases were tried before a jury who found for the defendant in each of the Gay cases and for the plaintiff in the Beane case, assessing damages therein in the sum of $37.00. Each Gay case is before us on exceptions by the plaintiff and on a general motion for a new trial. The Beane case is brought forward on a motion by the plaintiff based on the ground that the damages are inadequate.

We shall consider first the Gay cases. The exceptions are (1) to the exclusion of testimony that route 202 over which the parties were driving was a "through" way; (2) to a portion of the charge concerning the knowledge of Burton Gay as to the intersecting road where the accident took place; (3) to the refusal of the presiding justice to give a requested instruction concerning the right of the operator of an automobile to pass another car at an intersection, and (4) to the refusal to give a requested instruction as to the presumption of negligence arising from the passing of another automobile at an intersection.

We shall not discuss these exceptions, for even though the plaintiffs might be right as to each contention made by them through their counsel, their right to recover is barred by reason of the contributory negligence of Burton Gay which we feel has been conclusively established.

In deciding the question of his negligence we shall consider

the evidence in the light most favorable to him. The defendant, Oscar Hartford, was driving easterly on route 202 on his own right-hand side of the highway at a speed which was not over forty miles an hour. At least that is the only inference from all the testimony on the point. As he approached route 106 which intersects 202 at a right angle, he braked his car and pulled over to the left in order to make a left turn into route 106. The evidence does not indicate that he at any time crossed the median line of 202. What he did was in preparation for making the turn, which, due to the events which immediately followed, was not made. He did not put out his hand to indicate that he intended to make a left-hand turn. The plaintiff, Burton Gay, had been following the Hartford car for a distance of about a mile. Hartford testified that when he first applied his brakes he was about 170 feet from the intersection. Beane, the passenger in the Gay car, gives the distance as 140 feet and we will accept his figure. At this time the Gay car was 100 feet behind the Hartford car. The Gay car, swinging to the left, passed the Hartford car as they entered the intersection. The Hartford car pulled to the right to avoid the plaintiff's car, crossed route 106, and stopped on the right side of route 202 about two car lengths beyond the intersection. The Gay car, swerving first to the left and then to the right turned over at least once in the highway and finally came to rest on top of the guard fence on the northerly side of route 202 at a point about 90 feet from the easterly side of route 106.

The plaintiff's contention is that the defendant suddenly braked his car and suddenly without warning turned to the left. This claim is negatived by facts which are undisputed. The defendant applied his brakes when he was 140 feet from the intersection. He was travelling not over 40 miles per hour and he did not stop until after he had passed through the intersection. He did bear to the left but appears not to have crossed the middle line of the road when the plaintiff's car went by him. When Gay knew or should have known that the

car ahead of him was slowing down, he had a distance of 240 feet in which to stop his car if necessary before he even reached the intersection. Instead of that he travelled a distance of at least 330 feet not counting the width of the intersecting way before he finally came to rest, and while going that distance his automobile rolled over at least once. The two cars never came into contact.

With respect to the conduct of Gay there are two possible inferences. He either was not keeping a proper watch of the car ahead of him so that he could without disaster to himself avoid colliding with it as it slowed down, or he was going at a grossly excessive rate of speed. As we view the case, it makes no difference whether there was an intersection there or not. Whichever inference we adopt it is clear that his negligence was a proximate cause of the accident and bars a recovery by him. Evidently the jury so figured and we do not see how they could have come to any other conclusion.

The case of the plaintiff Beane rests on a different basis. He was a passenger and the jury could properly have found that a recovery by him was not barred by the negligence of Gay. The motion for a new trial is addressed to us solely on the ground that the damages are inadequate. He had a doctor's bill of $2.00 and claims to have suffered a loss of $35.00 in wages. The jury assessed damages at $37.00. The claim is that they allowed nothing for pain and suffering. But Beane doesn't claim that he had any or that he was incapacitated from work during the next three days. He had two superficial cuts which required no stitches. He himself claims that they didn't amount to much. Under these circumstances we cannot say that the jury's judgment as to damages was clearly wrong.

*Exceptions overruled.*
*Motions overruled.*