COOLIDGE BANK & TRUST COMPANY *vs.* FIRST IPSWICH COMPANY, INCORPORATED & others.[1]

Middlesex. January 18, 1980. — March 11, 1980.

Present: ARMSTRONG, ROSE, & KASS, JJ.

*Practice, Civil,* Motion to dismiss. *Pleading, Civil,* Amendment.

Allegations in a counterclaim that the plaintiff bank made an oral offer to lend the defendant bank a sum of money, that the defendant accepted the offer, and that, having relied on the resulting agreement, the defendant suffered damages when the plaintiff declined to make the loan were sufficient to state a claim upon which relief could be granted. [370-371]

---

[1] Frank Romano, Sr., Frank Romano, Jr., Joseph Milo, The Essex Group, Inc.

CIVIL ACTION commenced in the Superior Court Department on October 20, 1978.

A motion to dismiss the defendants' amended counterclaim was heard by *Vallely*, J.

*Linda A. Monica* for the defendants.

*Henry A. Follen, Jr.*, for the plaintiff.

KASS, J. Although improbable in the extreme, the broad facts alleged by the defendants in their amended counterclaim make out the framework of a legally cognizable grievance if, as we must, we draw all necessary inferences in favor of the pleader. *Charbonnier* v. *Amico*, 367 Mass. 146, 152-153 (1975). *Nader* v. *Citron*, 372 Mass. 96, 98 (1977). *Howard* v. *G. H. Dunn Ins. Agency*, 4 Mass. App. Ct. 868 (1976).

Applying that generous test, the counterclaim seems to say: that Coolidge Bank and Trust Company (the bank) made an oral offer to lend the defendant First Ipswich Company, Incorporated (First Ipswich), $680,000 for a period of nine months at an interest rate of eleven percent per year; that First Ipswich accepted that offer; and that having relied on the resulting agreement, First Ipswich suffered damages when the bank declined to make such a loan. This states the making of a contract, the breach thereof and damages. See *Romano* v. *Sacknoff*, 4 Mass. App. Ct. 862, 863 (1976). It was, therefore, error to allow a motion under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), to dismiss the counterclaim for failure to state a claim upon which relief can be granted and to deny the motion of First Ipswich to amend its counterclaim. A motion to amend should be allowed unless some good reason appears for denying it. *Castellucci* v. *United States Fid. & Guar. Co.*, 372 Mass. 288, 289 (1977). No such reason is apparent. *Evans Prods. Co.* v. *D. J. Dev. Corp.*, 6 Mass. App. Ct. 306, 309 (1978).

This is not to say that action by a board of directors[2] on a loan application is generally anything more than an initial

<hr />

[2] First Ipswich pegs its claim on agreement by the bank's executive committee to lend the $680,000. The defendants' amended counterclaim

step "which would ripen into a contract" only when the authorized officer of the bank acts on it. *Salvation Army of Mass., Inc.* v. *Wilcox Post No. 16, G.A.R.,* 225 Mass. 136, 140 (1916). Particularly in the case of a sizable commercial loan, it is unlikely that oral understandings which leave essential terms to future negotiation will support an enforceable loan agreement. *Transamerica Equip. Leasing Corp.* v. *Union Bank,* 426 F.2d 273, 274 (9th Cir. 1970). Cf. *Brookhaven Housing Coalition* v. *Solomon,* 583 F.2d 584, 593 (2d Cir. 1978). Compare *Dubin Weston, Inc.* v. *Louis Capano & Sons,* 394 F.Supp. 146, 155 (D. Del. 1975). An offer by a lending institution to make a loan ordinarily comes on stage as a letter of commitment, "a document drawn with manifest care . . . detailed in its terms as to how the money is to be advanced and repaid, with stipulations as to interest and other matters." It is "a solid commercial engagement on both sides" and includes contingencies "which might abort the transaction." See *Springfield Y Trust* v. *Executive Director of the Mass. Housing Fin. Agency,* 369 Mass. 709, 714 (1976).

It is not inappropriate to observe, therefore, that while the amended counterclaim in controversy sketches the bare silhouette of a cause of action, that silhouette may dissolve in the face of a well-supported motion for summary judgment under Mass.R.Civ.P. 56, 365 Mass. 824 (1974). *Kipp* v. *Kueker,* 7 Mass. App. Ct. 206, 213 n.7 (1979). It may also be appropriate, as in *Balsavich* v. *Local 170, Intl. Bhd. of Teamsters,* 371 Mass. 283, 288 (1976), to refer to counsel's obligations under Mass.R.Civ.P. 11(a), 365 Mass. 753 (1974).

The judgment is reversed, and the defendant First Ipswich[3] is to have leave to file its amended counterclaim.

*So ordered.*

---

leaves it wholly to inference whether the terms of this agreement were ever communicated to First Ipswich.

[3] The other defendants are in the case as guarantors of the obligation of First Ipswich to the bank on six promissory notes aggregating $300,000 in principal. Their interest in the counterclaim of First Ipswich is purely derivative.