COOLIDGE BANK & TRUST COMPANY *vs.* FIRST IPSWICH COMPANY, INCORPORATED & others.[1] January 30, 1981. Assuming without deciding that the judge should have permitted the defendants to file an amended answer, *Castellucci* v. *United States Fid. & Guar. Co.*, 372 Mass. 288, 289 (1977); *Coolidge Bank & Trust Co.* v. *First Ipswich Co., Inc.*, 9 Mass. App. Ct. 369, 370 (1980) (*Coolidge I*), we hold that the plaintiff was, nevertheless, entitled to the partial summary judgment entered in its favor.

1.  Even if the proposed answer had been allowed, the defendants would not have succeeded in showing the existence of a genuine issue of material fact. The proposed answer alleged that the plaintiff bank and the defendants (through their agent, Frank C. Romano, Jr.) had agreed to a "work-out" arrangement which was intended "as a full accord and satisfaction" of all the debts owed by the defendants to the bank. However, the affidavit of Frank C. Romano, Jr., filed by the defendants, states only that the bank accepted the terms of the work-out proposal which was submitted to its loan committee by a vice president of the bank. The affidavit nowhere indicates that the defendants, through Romano or otherwise, accepted the proposal. It is by no means self-evident that the defendants considered themselves bound by the proposal, which would have required multiple undertakings by the defendants, including the obligation to build an addition to their nursing home. The bald conclusion in the proposed answer that there was an agreement would not have been sufficient to fill the gap in the affidavit. *United States Trust Co.* v. *Herriott*, 10 Mass. App. Ct. 313, 318 (1980).

In a related aspect of this litigation involving a counterclaim by the defendants alleging an earlier oral agreement by the bank to lend the defendants money, this court questioned the likelihood that such an oral undertaking would result in an enforceable loan agreement. *Coolidge I, supra* at 371. We also suggested, *id.*, that "while the amended counterclaim in controversy sketches the bare silhouette of a cause of action, that silhouette may dissolve in the face of a well-supported motion

---

[1] Frank C. Romano, Sr., Frank C. Romano, Jr., Joseph Milo, The Essex Group, Inc.

for summary judgment . . . ." With respect to the defense of accord and satisfaction, the silhouette has dissolved in the face of the defendants' own affidavit.

2. The defendants contend that the bank was required to exhaust its remedies against the maker of the promissory notes before seeking satisfaction against the guarantors. Such a requirement would impermissibly vary the written contract between the parties. *Trustees of Tufts College* v. *Parlane Sportswear Co.*, 4 Mass. App. Ct. 783, 784 (1976). *Santry* v. *Richman*, 6 Mass. App. Ct. 955 (1978). The guarantee is governed by G. L. c. 106, § 3-416, inserted by St. 1957, c. 765, § 1, which specifically provides that where payment is guaranteed, the guarantor agrees to pay "without resort by the holder to any other party."

3. The fact that a second judge allowed the plaintiff's motion for partial summary judgment (and judgment under Mass.R.Civ.P. 54[b], 365 Mass. 821 [1974]), while the first judge did not, does not entitle the defendants to relief. The record appendix does not indicate that the argument based on "the law of the case" was ever presented to the second judge. Moreover, the motion as presented to the second judge was not the same as originally given to the first judge, since it deleted a party, namely, The Essex Group, Inc. For these reasons, if for no others, there is no ground to reverse. The second judge clearly had the power to allow the motion despite the refusal of the first judge to do so. *Peterson* v. *Hopson*, 306 Mass. 597, 603-604 (1940).

*Judgment affirmed.*

*Patrick J. Sharkey* for the defendants.
*Michael D. Kelly* for the plaintiff.