Billie Jean **BOWMAN**

v.

**Alfred T. DUSSAULT.**

Supreme Judicial Court of Maine.

Argued Jan. 16, 1981.

Decided Feb. 27, 1981.

Paul W. McElhinney (orally), Sanford, for plaintiff.

Rocheleau, Fournier & Lebel, Ronald P. Lebel (orally), Lewiston, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, ROBERTS and CARTER, JJ.

GODFREY, Justice.

Defendant Alfred T. Dussault appeals from an order of the Superior Court granting the plaintiff's motion to attach real property owned by the defendant. On appeal, Dussault contends that the plaintiff failed to show a reasonable likelihood that she would recover a judgment against Dussault equaling or exceeding the amount of the attachment. We sustain the appeal and vacate the order of attachment.

On May 23, 1980, Billie Jean Bowman began an action against Alfred T. Dussault alleging that she had been injured as the result of his negligence in the operation of a motor vehicle. The complaint alleged that Dussault drove through an intersection without stopping for a blinking red traffic light and collided with a vehicle in which Bowman was a passenger. As a result of the collision, Bowman alleged, she suffered severe bruises and lacerations, particularly of her face and knees. Bowman sought $6,000 for medical expenses and $250,000 for mental anguish and loss of earning capacity.

Simultaneously Bowman filed a motion for approval of a real estate attachment in the amount of $100,000. Dussault was served with a copy of the motion for attachment at the same time he was served with the summons and complaint. Accompanying the motion for attachment were three affidavits. The first, by Bowman's attorney, stated, in effect, that Dussault's attorneys had told him that Dussault had no liability insurance covering the accident. The second affidavit, by Bowman herself, described the accident and her injuries in the following general terms:

1. My name is Bille Jean Bowman, I am currently a resident of Whitestone, New York, and on March 8, 1979, at approximately 10:00 a. m., I was a passenger in a motor vehicle owned and operated by Richard Wilson which was travelling in an Easterly direction along U. S. Route 202/Maine Route 11 in the Town of Alfred, County of York and State of Maine.

2. That at all times pertinent hereto the said Richard Wilson was in the exercise of ordinary care and caution in the operation of said vehicle.

3. That as we proceeded along said Route 202, I suddenly observed a motor vehicle I later discovered to be owned and operated by Alfred T. Dussault emerge from an intersection to the left and into the travel lane of the vehicle in which I was a passenger.

4. That the said Richard Wilson attempted to avoid the Dussault vehicle, but in spite of his best efforts, a collision resulted.

5. As a result of said collision, I sustained severe facial lacerations requiring extended hospitalization and surgery.

6. As a result of injuries sustained by myself, I today have extensive facial scarring causing considerable disfigurement which causes me considerable mental anguish and suffering, embarrassment, humiliation and mortification and have been advised by attending physicians that extensive additional surgery will be necessary to reduce the facial scarring and disfigurement, but have also been advised that it is doubtful that all scars resulting from injuries sustained in the collision will be eliminated.

7. That prior to the collision, I had been a model and dance instructor and as a result of injuries sustained and resulting scarring and disfigurement, I shall be greatly impaired in pursuing and participating in these occupations in the future.

8. The foregoing facts are based on my own personal knowledge and are true and correct.

Finally, an affidavit by Richard Wilson reiterated Bowman's account of the accident with the added detail that Dussault failed to yield when Wilson had the right of way.

Dussault answered Bowman's complaint and filed affidavits in opposition to Bowman's motion for attachment. In the first affidavit, Dussault gave a detailed description of the accident tending to show that defendant was not at fault. The second, by Dussault's attorney, stated that Richard Wilson had an uninsured-motorist insurance policy covering Bowman's injuries.

In support of her motion for attachment, Bowman filed on June 4, 1980, an affidavit by a Maine District Court clerk, containing a statement that Dussault had been convicted on May 30, 1980, of failure to yield. To the affidavit the clerk attached a copy of a traffic ticket indicating that Dussault's violation had occurred at the time of the collision in which Bowman was injured. Dussault was convicted after a trial.

A hearing on the attachment motion was held in Superior Court on June 9, 1980. Only the lawyers for the parties appeared, and no evidence was introduced. At the hearing, Dussault objected to the affidavit by the Maine District Court clerk on the ground that his conviction for a traffic violation was not relevant to his liability in negligence. The justice did not expressly rule on the objection.

At the close of the hearing the Superior Court granted Bowman's motion for attachment in the amount of $100,000, and Dussault appeals. The Law Court has jurisdiction to hear and determine an appeal from such an attachment order. *Northeast Inv. Co., Inc. v. Leisure Living Communities, Inc.*, Me., 351 A.2d 845 (1976).

I.

*Liability*

■ The rule governing prejudgment attachments, M.R.Civ.P. 4A, provides, among other things, that the order of approval may be entered only on a finding by the court that there is a "reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above the aggregate of any liability insurance ... shown by the defendant to be available to satisfy the judgment." M.R.Civ.P. 4A(c). The motion is to be supported by affidavit or affidavits, which must "set forth specific facts sufficient to warrant the required findings."

M.R.Civ.P. 4A(h). Because prejudgment attachment can work serious hardship on a defendant before the merits of the plaintiff's case are fully determined, the attachment procedures prescribed by legislation and implementing court rules must be strictly adhered to. *Englebrecht v. Development Corp.*, Me., 361 A.2d 908, 910 (1976).

■ In determining whether to grant a motion for attachment under Rule 4A, the trial court must decide, after consideration of all the pleadings and affidavits, whether the underlying claim is substantial enough that there appears to be a reasonable possibility of recovery; the movant need not show that it is more likely than not that he will prevail. *Northeast Inv. Co., Inc. v. Leisure Living Communities, Inc., supra*, at 851–52 (1976). In determining whether there is a reasonable likelihood that the moving party will prevail, the Superior Court has the same range of discretion that it normally enjoys in finding facts and applying legal norms to those facts, and the Law Court will review the Superior Court's determination by application of the usual clearly-erroneous and abuse-of-discretion standards.[1]

■ On the basis of allegations of specific facts contained in the pleadings and affidavits, the presiding justice was not clearly wrong in concluding that there was a reasonable likelihood that Bowman would obtain a judgment against Dussault. There was no suggestion in Dussault's affidavit that Bowman, who was merely a passenger in the vehicle Richard Wilson was driving, was herself negligent. Even if driver Wilson had driven negligently, his negligence could not be imputed to Bowman. *See, e. g., Beane v. Hartford*, 140 Me. 62, 33 A.2d 927 (1943). The affidavits in support of Bowman's motion asserted that Dussault had failed to yield the right of way at an intersection and further alleged specific facts tending to confirm that claim: that Dussault's approach to the intersection was

1. A suggestion in *Northeast Inv. Co., Inc. v. Leisure Living Communities, Inc.*, Me., 351 A.2d 845, 854 (1976), of a less deferential standard of review, will not be followed.

controlled by a stop signal, that Bowman entered the intersection to Dussault's right, and that Dussault had been found guilty in District Court of failure to yield in connection with the collision.[2] The presiding justice could have rationally found that there was a reasonable possibility that the plaintiff would recover judgment.

## II.

### Damages

■ However, the finding that Bowman was reasonably likely to recover judgment does not end the matter. Under Rule 4A, Bowman was required to show not only that she was reasonably likely to recover a judgment from the defendant, but that she was reasonably likely to recover a judgment at least equaling the amount of the attachment. In the present case, even under a clearly-erroneous standard of review, we must set aside the finding of the presiding justice that there was a reasonable likelihood that Bowman would recover a judgment against Dussault in an amount at least equaling $100,000. The justice erred as a matter of law in not according due weight to the provision of Rule 4A(h) that requires facts adduced in support of the prescribed finding to be specific.

Unlike her showing on the issue of liability, Bowman's allegations of facts bearing on the amount of her recovery were not specific but stated only the general nature of her prospective damages. Her affidavit says that her injuries from the accident caused her to undergo extended hospitalization and surgery; that she presently has extensive, disfiguring facial scars; that her scars cause her mental anguish; that her ability to perform her work as a model and dance instructor is greatly impaired; and that she will require extensive future surgery that will reduce, but not eliminate, her scarring. Wilson's affidavit tended to confirm Bowman's statement that her face is disfigured. Even when all those assertions are considered together, they do not provide the specificity required by subsection (h) of Rule 4A.

■ Since, as stated above, prejudgment attachment may operate harshly on the party against whom it is sought, the specificity of the facts required to be shown by the rule may not be appropriately supplied only by modifiers like "extensive" and "severe," reflecting the subjective attitude of claimants or the enthusiasm of their attorneys. They are of little or no value as a basis for prediction of the amount of recovery. If the allegations of damage in Bowman's affidavits were acceptable, the requirement of specificity in Rule 4A(h) would be rendered meaningless.

It was quite within Bowman's power to supply the Superior Court with particular facts bearing on the amount of her damages. Among other possibilities, she could have offered photographs or at least particular descriptions of her injuries and scars, and statements from which some informed projection could be made as to the amount of lost earnings from her work as dance instructor and model. Only with such specific facts at hand is the judge in a position to exercise properly his discretion in deciding whether there is a reasonable likelihood that the movant will recover a judgment equaling or exceeding the amount of the attachment. Because such specific facts about damages were lacking in the mov-

2. Dussault contends that the presiding justice should not have considered the affidavit by the District Court clerk concerning Dussault's conviction for a traffic infraction on the ground that the traffic violation was irrelevant to the issue of his negligence. Although the fact of a conviction for a traffic violation arising out of the same incident that forms the basis of a civil complaint does not of itself establish breach of defendant's duty to the plaintiff, it may be competent evidence of such a breach under certain conditions. *See Jones v. Billings*, Me., 289 A.2d 39 (1972). Defendant also contends on appeal that the affidavit was not served on him in strict compliance with Rule 4A. The contention was not raised before the Superior Court and may not be considered on appeal.

ant's affidavits, we must vacate the Superior Court's order approving the attachment, as unsupported by the kind of evidence expressly required by Rule 4A.

No other issues raised by counsel require consideration of the Law Court on this appeal.

The entry is:

Appeal sustained.

Order approving attachment vacated.

All concurring.