MECHANICS' SAVINGS BANK

v.

Lester M. BRIDGES.

Supreme Judicial Court of Maine.

Argued Sept. 9, 1982.

Decided Oct. 5, 1982.

Linnell, Choate & Webber by Curtis Webber, George A. Hess, Auburn, for plaintiff.

Charles D. Jamieson (orally), Gray, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

MEMORANDUM OF DECISION.

Defendant appeals from a Superior Court grant of summary judgment to Mechanics' Savings Bank (the Bank) in its foreclosure action against him. Defendant attacks the legal sufficiency of an affidavit submitted by the Bank in support of its motion, alleging that it was not made on "personal knowledge" as is required by M.R.Civ.P. 56(e). We affirm the Superior Court judgment.

The jurat used on the Bank's affidavit was by itself insufficient because by it the affiant made oath to the truth of the affidavit only "according to her best knowledge, information and belief." *See Bird v. Town of Old Orchard Beach,* Me., 426 A.2d 370, 376 (1981). However, the body of the affidavit clearly stated that the affiant made it on the basis of her personal knowledge and that she specifically derived the stated information from examination of bank records within her custody and control. Thus, the total content of the affidavit complied with the requirement of decided cases of this court. *See James v. Inhabitants of Town of West Bath,* Me., 437 A.2d 863, 864 n. 2 (1981); *Dineen v. Star Press,*

*Inc.,* Me., 391 A.2d 834, 835 (1978); *Steeves v. Irwin,* Me., 233 A.2d 126, 130 (1967).

 Since this appeal was occasioned by the Bank's use of an "information and belief" jurat on its affidavit, we determine that no allowance of attorney's fees to the Bank in connection with this appeal is reasonable within the terms of the mortgage default clause.

The entry must be:

Judgment affirmed.

The parties will bear their own costs on appeal.

All concurring.