Thomas F. **BARRETT** et al.

v.

Robert L. **STEWART** et al.

Supreme Judicial Court of Maine.

Argued Jan. 5, 1983.

Decided Feb. 15, 1983.

Mills & Mills, Paul H. Mills (orally), Farmington, for plaintiffs.

Paul K. Marshall (orally), Kingfield, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

The Defendants, Roy and Geraldine Stewart, appeal from an order approving an attachment of real property which was entered against them on April 15, 1982, in

---

**2.** *See State v. Lunney,* 400 A.2d 759, 763 (Me. 1979).

Superior Court, Franklin County. The Plaintiffs, Thomas and Sandra Barrett, cross-appeal from that order. We deny both the appeal and the cross-appeal; we affirm the order of the Superior Court.

This action had been commenced two months earlier when the Plaintiffs filed a complaint in Superior Court against the Defendants, their neighbors in New Vineyard, seeking the return of various items of personal property and damages. The Plaintiffs grounded their several claims on theories of: (1) wrongful conversion; (2) fraud involving a confidential relationship; (3) money had and received; and (4) agreement to sell real property. At the same time the Plaintiffs moved for attachment of real property owned by the Defendants. After hearing, their motion was granted, the Superior Court approving attachment in the amount of $31,569.90. This timely appeal followed.[1]

The Defendants specifically challenge the sufficiency of an affidavit of Thomas Barrett filed in support of the motion for attachment. They argue that this affidavit did not set forth sufficient facts to warrant a finding of the "reasonable likelihood of success" as required by M.R.Civ.P. 4A.

■ We review an order approving attachment only for clear error or abuse of discretion. *Terry v. T.J.C. Coin & Stamp Company,* 447 A.2d 812, 814 (Me.1982); *Bowman v. Dussault,* 425 A.2d 1325, 1328 (Me.1981). The reasonable likelihood of success standard, moreover, is a "relatively low hurdle to clear." *Precision Communications, Inc. v. Rodrigue,* 451 A.2d 300, 301 (Me.1982).

We have defined reasonable likelihood of success as a "mere probability of success or a favorable chance of success." *Id.; Northeast Investment Company, Inc. v. Leisure Living Communities, Inc.,* 351 A.2d 845, 852 (Me.1976). Otherwise stated, recovery is sufficiently likely if an asserted claim supported by affidavit "is not of such insubstantial character that its invalidity so clearly appears as to foreclose a reasonable possibility of recovery ...." *Precision Communications,* 451 A.2d at 301; *Northeast Investment Company,* 351 A.2d at 852.[2]

■ Our review of the affidavit here at issue, tempered by the requisite degree of appellate deference, fails to persuade us that the Superior Court abused its discretion in finding that the Plaintiffs had reasonable likelihood of recovering on the merits in the amount of the authorized attachment. In reaching this conclusion, we have, as we were urged to do, closely read the statements in Thomas Barrett's affidavit fixing the value of various items of personal property owned by Sandra Barrett, and allegedly converted by the Defendants. Not merely because of any relationship between the Plaintiffs but especially in light of the fact that this property consisted largely of household items, we conclude that the Superior Court did not err in accepting the valuation fixed by the affiant. Thomas Barrett made this affidavit expressly upon his own knowledge, information or belief, and so far as upon information and belief he stated that he believed the information to be true. This is as much knowledge or belief as is

1. It is by now well-established that an interlocutory order approving an attachment is immediately appealable. *See, e.g., Precision Communications, Inc. v. Rodrigue,* 451 A.2d 300, 301 (Me.1982); *Anderson v. Kennebec River Pulp & Paper Co.,* 433 A.2d 752, 754 (Me.1981); *Bowman v. Dussault,* 425 A.2d 1325, 1328 (Me. 1981); *Englebrecht v. Development Corp. for Evergreen Valley,* 361 A.2d 908, 911 (Me.1976); *Northeast Investment Co., Inc. v. Leisure Living Communities, Inc.,* 351 A.2d 845, 851 (Me. 1976). The Plaintiffs urge us to overrule these cases and abandon this exception to the final judgment rule. We decline to do so.

2. With particular reference to review of a Superior Court finding that an affidavit was sufficient to support an order approving attachment, we recently stated: "We will not substitute our judgment for that of the Superior Court; great deference is given to the judgment of the trial court, and only a clear abuse of discretion will warrant reversal of an order approving attachment." *Precision Communications,* 451 A.2d at 301. *See also Anderson v. Kennebec River Pulp & Paper Company,* 433 A.2d 752, 754 & n. 2 (Me.1981).

required of an affiant to support a motion for approval of an attachment. M.R.Civ.P. 4A(h). It contrasts with the higher standard required in an affidavit in support of, or in opposition to, a motion for summary judgment; there supporting and opposing affidavits shall be made on personal knowledge. M.R.Civ.P. 56(e).

On their cross-appeal the Plaintiffs contend that the Superior Court erred in not considering their "rebuttal affidavits" in ruling on the Plaintiffs' motion for approval of an attachment. Our disposition of the appeal obviates the necessity of reaching this issue. We intimate no opinion whatsoever thereon.

We affirm the Superior Court's order approving this attachment.

The entry is:

Appeal and cross-appeal denied.

Order affirmed.

All concurring.