**Raymond T. INGALLS and Luella Ingalls**

v.

**Nelson W. BROWN, Sr.**

Supreme Judicial Court of Maine.

Argued May 3, 1983.

Decided June 10, 1983.

Hunt, Thompson & Bowie, Peter P. Michaud (orally), Glenn H. Robinson, Roy E. Thompson, Jr., Portland, for plaintiffs.

Daughan & Kugler, John R. Kugler (orally), Francis P. Daughan, Wells, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER and WATHEN, JJ.

WATHEN, Justice.

Defendant, Nelson W. Brown, Sr., appeals from an order of the Superior Court (York County) approving pre-judgment attachment of defendant's real estate pursuant to Rule 4A of the Maine Rules of Civil Procedure. On appeal defendant challenges the sufficiency of the affidavits submitted in support of plaintiffs' motion for attachment.[1] Defendant contends that the jurat affixed to the affidavit of plaintiffs' attorney renders that affidavit defective and that none of the affidavits submitted in support of the motion for attachment provides an adequate showing of defendant's negligence and plaintiff Raymond T. Ingalls' lack of negligence. We find the affidavits sufficient in all respects and therefore affirm the order of the Superior Court.

This action arises as the result of a vehicle-pedestrian collision that occurred on Main Street in Kennebunk on the morning of January 11, 1982. The pedestrian, Raymond T. Ingalls, seeks recovery for injuries sustained as a result of defendant Brown's allegedly negligent operation of a 1973 Ford pickup truck.[2] Plaintiff Ingalls moved for and was granted leave to attach real estate of the defendant in the amount of $100,-000.[3]

The affidavit of the attorney submitted in support of plaintiffs' motion for attachment states in pertinent part:

Upon information and belief which I believe to be true, the Defendant did negligently and carelessly operate his motor vehicle in such a manner whereby he did not yield and stop for Mr. Ingalls who was crossing said Main Street in the confines of a pedestrian crosswalk.

The jurat accompanying this affidavit states: "Personally appeared the above-named . . . and subscribed and swore to the above as being true *to the best of* his knowledge, information and belief . . . ." (Emphasis added). Defendant contends that the inclusion in the jurat of the phrase "to the best of" renders the affidavit fatally defective. We disagree.

Rule 4A(h) of the Maine Rules of Civil Procedure provides that affidavits submitted in support of a motion for attachment "shall be upon the affiant's own knowledge, information or belief; and, so far as upon information and belief, shall state that he believes this information to be true." The language in the body of the affidavit submitted by the attorney clearly complies with the requirements of the rule. The affidavit states: "upon information and belief which I believe to be true . . . ."

The language in the jurat, on the other hand, includes the phrase "*to the best of* my knowledge, information and belief." In *Englebrecht v. Development Corporation for Evergreen Valley,* 361 A.2d 908, 911 (Me.1976), we vacated an attachment order which rested upon an affidavit that was made "to the best of" the affiant's knowl-

---

1. The interlocutory order of the Superior Court approving attachment is appealable pursuant to the collateral order exception to the final judgment rule. *See Barrett v. Stewart,* 456 A.2d 10, 11 n. 1 (Me.1983); *Terry v. T.J.C. Coin & Stamp Co.,* 447 A.2d 812, 813 (Me.1982).

2. Plaintiff's wife, Luella E. Ingalls, seeks recovery for the loss of consortium and loss of the care, protection, consideration, comfort, companionship and society of her husband.

3. The defendant has not challenged on this appeal the amount of the attachment approved by

the Superior Court. We note that for a court to enter an order approving attachment, there must be "a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above the aggregate of any liability insurance . . . shown by the defendant to be available to satisfy the judgment." M.R.Civ.P. 4A(c). *See Bowman v. Dussault,* 425 A.2d 1325, 1329 (Me. 1981) (affidavits must reveal a reasonable likelihood that plaintiff will recover an amount at least equaling the amount of attachment).

edge, information and belief. In the affidavit at issue in *Englebrecht,* however, the phrase "to the best of" preceded crucial averments in the body of the affidavit itself, rather than appearing merely in the jurat. The affidavit in *Englebrecht* was further defective in that the affiant failed to state that he believed those statements that were made upon information and belief to be true.

In contrast, the affidavit submitted by the attorney states without qualification that the statements are upon his information and belief and that he believes those statements to be true. Although the language of the jurat is qualified by inclusion of the phrase "to the best of," the jurat may be read in conjunction with the body of the affidavit. *See Mechanics' Savings Bank v. Bridges,* 450 A.2d 904 (Me.1982). The body of the affidavit does not include the qualifying language. Rather, it states that the affidavit is upon information and belief which the affiant believes to be true. The body of the affidavit thus complies fully with the requirements of Rule 4A(h). In these circumstances, the inclusion in the jurat of qualifying language is of no consequence.

Defendant's second contention is that the affidavits submitted on behalf of the plaintiffs fail to set forth specific facts sufficient to warrant a finding of a "reasonable likelihood of success" as required by Rule 4A(c). Defendant argues that the affidavits fail to set forth specific facts indicating that the defendant was negligent.

■ The reasonable likelihood of success standard which governs the availability of pre-judgment attachment presents a relatively low hurdle requiring a "mere probability of success or a favorable chance of success." *Precision Communications, Inc. v. Rodrique,* 451 A.2d 300, 301 (Me.1982); *Northeast Investment Company, Inc. v. Leisure Living Communities, Inc.,* 351 A.2d

845, 852 (Me.1976). "In determining whether there is reasonable likelihood that the moving party will prevail, the Superior Court has the same range of discretion that it normally enjoys in finding facts and applying legal norms to those facts, and the Law Court will review the Superior Court's determination by application of the usual clearly-erroneous and abuse-of-discretion standards." *Bowman v. Dussault,* 425 A.2d 1325, 1328 (Me.1981). *See Barrett v. Stewart,* 456 A.2d 10, 11 (Me.1983).

■ We cannot say that the Superior Court committed an abuse of discretion in concluding that plaintiffs have shown a reasonable likelihood of success on the merits. The affidavit submitted by the attorney states in part that "the Defendant did negligently and carelessly operate his motor vehicle in such a manner whereby he did not yield and stop for Mr. Ingalls who was crossing said Main Street in the confines of a pedestrian crosswalk." This affidavit states specific facts as required by Rule 4A(h). When read in conjunction with admissions in defendant's answer and statements in defendant's counter-affidavits, the affidavit provides an ample basis to support the Superior Court's conclusion that plaintiffs have a reasonable likelihood of success on the merits.[4]

■ Defendant's final contention is that plaintiffs' affidavits are inadequate because they fail to establish the absence of plaintiff's negligence. Since the adoption of the comparative negligence statute, 14 M.R.S.A. § 156, the burden has rested on the defendant to prove plaintiff's negligence. *Crooker v. Coombs,* 328 A.2d 389, 392 (Me.1974); 1 Field, McKusick & Wroth, *Maine Civil Practice,* § 8.11 at 112 (2d ed. Supp.1981). While defendant has raised the defense of comparative negligence in his answer, thereby preserving his right to submit evi-

---

4. We note that vehicle operators have a legal duty to yield the right of way to pedestrians crossing a roadway within a crosswalk. 29 M.R.S.A. § 954(1) (1978). Evidence of violation of an applicable statute, when properly raised by a plaintiff, is admissible as evidence of negligence. *Jones v. Billings,* 289 A.2d 39, 41 (Me.1972). *See Bowman v. Dussault,* 425 A.2d 1325, 1329 n. 2 (Me.1981); *McCullough v. Lalumiere,* 156 Me. 479, 483, 166 A.2d 702, 704 (1960).

dence of such negligence at trial, *see* M.R. Civ.P. 8(c), the defendant's affidavits in opposition to the motion for attachment state no facts indicating negligence on the part of plaintiff, Raymond Ingalls. Defendant has therefore failed at this point in the litigation to submit any evidence putting plaintiff's negligence in issue. In these circumstances, plaintiffs' affidavits need not establish the absence of negligence on the part of the plaintiff to support the conclusion that there is a reasonable likelihood that plaintiff will recover judgment. *See Bowman v. Dussault,* 425 A.2d at 1328 (attachment appropriate given defendant's failure to submit affidavits asserting negligence on the part of plaintiff).

For the foregoing reasons, the entry must be:

Superior Court order approving attachment affirmed.

All concurring.