**Walter B. BEESLEY and Helen M. Beesley**

v.

**LANDMARK REALTY, INC.***

Supreme Judicial Court of Maine.

Argued June 9, 1983.

Decided Aug. 25, 1983.

Law Offices of Ralph A. Dyer, P.A. by Robert G. Frazier (orally), Michael J. Townsend, Portland, for plaintiff.

Jackson & Pallas by Francis M. Jackson (orally), Westbrook, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS and VIOLETTE, JJ.

VIOLETTE, Justice.

Defendant Landmark Realty, Inc. (Landmark) appeals from a Superior Court, Cumberland County, denial of its motion to dissolve an ex parte attachment against it in the amount of $75,770.77. Landmark's primary contentions on appeal are that the motion justice erred in finding that plaintiffs had established a danger that Landmark would remove its assets from the court's jurisdiction and in finding a reasonable likelihood that plaintiffs would succeed in their case on the merits. We deny the appeal.

Plaintiffs initially brought an action against several defendants, including Landmark, seeking recovery for breach of contract, fraud and deceit, and intentional infliction of emotional distress. Plaintiffs also moved for, and were granted, an ex parte attachment and attachment by trustee process against the defendants. After writs of attachment were served on all de-

* Although the case is captioned *Beesley v. SPES, Inc.* below, we change the caption on this interlocutory appeal to more accurately reflect the parties to the appeal.

fendants, Landmark moved unsuccessfully to dissolve the attachment against it.

The allegations underlying plaintiffs' complaint are that they contracted with Landmark in September, 1980 to have Landmark build them a home by Thanksgiving of that year. The home was not built by January, 1981, when Landmark informed plaintiffs that co-defendant Spes, Inc., an alleged alter-ego of Landmark, would carry out the constructions. In the Fall of 1981, after paying off several subcontractors on their own to dissolve liens against their land and home, plaintiffs finally built the home on their own.

## I.

■ We will review the motion justice's denial of Landmark's motion to dissolve the attachment only for clear error or abuse of discretion. *Barrett v. Stewart,* 456 A.2d 10, 11 (Me.1983).

■ Landmark's motion to dissolve the attachment challenged the sufficiency of plaintiffs' affidavits to support the findings in the ex parte order that (1) defendant, if notified in advance of the attachment, will remove its assets from the court's jurisdiction, and (2) there is a reasonable likelihood that plaintiffs will recover judgment in an amount equal to or greater than $75,770.77 over and above the amount of available insurance coverage. Landmark's two affidavits supporting the motion to dissolve, however, assert facts addressed solely to the finding of plaintiffs' reasonable likelihood of recovery and are totally devoid of any assertion of fact challenging the finding of clear danger of the removal of assets to satisfy a judgment. Subsection (g) of Rule 4A, M.R.Civ.P. provides:

> (g) Dissolution or Modification of Ex Parte Attachments.
> On 2 days' notice to the plaintiff or on such shorter notice as the court may prescribe, any person having an interest in property that has been attached pursuant to an ex parte order entered under subdivision (f) of this rule may appear, without thereby submitting his person to the jurisdiction of the court, and move the dissolution or modification of the attachment, and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require. *At such hearing the plaintiff shall have the burden of justifying any finding in the ex parte order that the moving party has challenged by affidavit.* Nothing herein shall be construed to abolish or limit any means for obtaining dissolution, modification or discharge of an attachment that is otherwise available by law. Adopted eff. Jan. 1, 1973; amended eff. Aug. 1, 1973; Aug. 7, 1981. (Emphasis added).

By failing to challenge by affidavit the finding of clear danger in the ex parte order, defendant was thus precluded from challenging this finding at the hearing on its motion to dissolve, and is equally without grounds to raise this issue before this Court.

■ Landmark contends that plaintiffs failed to demonstrate a "reasonable likelihood of success." M.R.Civ.P. 4A(f). It argues that the affidavits in support of its motion to dissolve completely discredit plaintiffs' claims against it and that, in any event, the Statute of Frauds is a complete bar to any recovery by plaintiffs.

To uphold the attachment, the motion justice was required to find only that plaintiffs had overcome the "relatively low hurdle" of demonstrating a "mere probability of success or a favorable chance of success." *Ingalls v. Brown,* 460 A.2d 1379 at 1381 (Me.1983); *Barrett,* 456 A.2d at 11. Thus, Landmark's motion to dissolve should have been granted only if plaintiffs' affidavits failed to establish that their claim was "not of such insubstantial character that its invalidity so clearly appears as to foreclose a reasonable possibility of recovery." *Barrett,* 456 A.2d at 11; *Northeast Investment Co. v. Leisure Living Communities, Inc.,* 351 A.2d 845, 852 (Me.1976).

Reading plaintiffs' and defendant's affidavits together, the presiding justice could

well have concluded that the case presented critical factual issues which, if resolved at trial in plaintiffs' favor, would result in judgment for the plaintiffs. He was, therefore, not clearly erroneous in denying Landmark's motion to dissolve and he did not abuse his discretion.

Although plaintiffs did allege the existence of parol agreements between themselves and Landmark, Landmark has not explained, nor are we able to determine, the applicability of Maine's Statute of Frauds, 33 M.R.S.A. 51, to this case. Landmark apparently refers to 33 M.R.S.A. § 51(4), which requires a writing "upon any contract for the sale of lands . . ."; here, however, plaintiffs were only attempting to purchase a modular home. There was no interest in land involved.

## II.

 Landmark also raises three other issues, none of which require extensive comment. First, Landmark contends that, because the writ of attachment was not completely filled out by the serving sheriff, service of the writ was fatally inadequate. The issue, however, was not raised before the motion justice and will not be considered for the first time on appeal. *Bowman v. Dussault,* 425 A.2d 1325 at 1329 n. 2 (Me.1981).

 Second, Landmark argues that plaintiffs failed to make an adequate showing, pursuant to M.R.Civ.P. 4A(f), that Landmark's insurance would be inadequate to satisfy any judgment against it. As the moving party on the motion to dissolve, however, the burden of proof lay with Landmark to establish the adequacy of its insurance. *Maine National Bank v. Anderschat,* 462 A.2d 482 at 484 (Me.1983);

1. Landmark has not challenged on this appeal the amount of the attachment against it. We note that for a court to enter an order approving an attachment, there must be "a reasonable likelihood that the plaintiff will recover judgment . . . in an amount equal to or greater than the amount of the attachment over and above the aggregate of any liability insurance . . .

M.R.Civ.P. 4A(g), (c). Here, Landmark introduced no such evidence.[1]

 Finally, we reject Landmark's argument that the writ of attachment was void ab initio because the writ was made out for $77,770.00, while the order of attachment was only for $75,770.77. Rule 60(a) provides Landmark an avenue for seeking correction of the clerical error made in the writ.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.

shown by the defendant to be available to satisfy the judgment." M.R.Civ.P. 4A(c), (f); *Ingalls v. Brown,* 460 A.2d at 1380 n. 3; *see Bowman v. Dussault,* 425 A.2d 1325, 1329 (Me. 1981) (affidavits must reveal a reasonable likelihood that plaintiff will recover an amount at least equaling the amount of the attachment).