CHASE COMMERCIAL CORPORATION

v.

HAMILTON & SON, H & S Realty,
Robert W. Hamilton, and James
F. Donaghue.

Supreme Judicial Court of Maine.

Argued March 8, 1984.
Decided April 11, 1984.

Trafton & Matzen, R. Barrie Michelsen (orally), M. Kelly Matzen, Auburn, for plaintiff.

Jensen Baird Gardner & Henry, Merton G. Henry, Donald A. Kopp (orally), F. Bruce Sleeper, Portland, Fitzgerald, Donovan & Conley, Duane D. Fitzgerald, Bath, for defendants.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

VIOLETTE, Justice.

The defendants H & S Realty and Robert W. Hamilton appeal from an order approving an attachment of real property which was entered against them on September 22, 1983, in the Superior Court, Androscoggin County. We deny the appeal and affirm the order of the Superior Court.

This action was commenced on August 3, 1983, when the plaintiff, Chase Commercial Corporation, filed a complaint in Superior Court against the defendants Hamilton & Son, H & S Realty, Robert W. Hamilton, and James F. Donoghue. The plaintiff alleged it had entered into a revolving credit arrangement with Hamilton & Son (the principal Debtor) on March 10, 1980. Under this arrangement, the plaintiff periodically lent money to the Debtor; the Debtor gave as security a general lien on its property, including inventory and accounts receivable. The complaint further alleged the Debtor had defaulted on its repayment obligations, and owed the plaintiff $229,-054.24. In addition, the other three named defendants were alleged to be guarantors of the Debtor's obligation to the plaintiff. The complaint demanded sums due under the guarantees.

At the same time, the plaintiff moved for approval of attachment and trustee process.[1] After hearing, the court granted the motion as to defendants Robert W. Hamilton and H & S Realty, in the amount of $230,000. Writs of attachment in the amount of $230,000 each were executed against those two defendants on September 23, 1983. This timely appeal followed.[2]

■ The appellants first argue that the plaintiff's failure to comply with certain provisions of the Rules of Civil Procedure precluded the court's granting the motion for approval of attachment. The plaintiff clearly violated the rules in two respects. First, despite the directive of M.R.Civ.P. 7(b)(3) that "[a]ny party filing a motion ... shall file with the motion or incorporate within said motion a memorandum of law which shall include citations and supporting authorities," the plaintiff failed to file a memorandum of law in support of its motion for approval of attachment. Second, the plaintiff failed to serve upon the defendant the affidavit in support of its motion at the same time it served the summons and complaint, as required by Rule 4A(c). Instead, the affidavit was sent to the defendants' counsel two weeks thereafter.

While we in no way condone the plaintiff's disregard of the requirements of the rules, we do not believe the plaintiff's violations actually prejudiced the defendants. The appellants would have us see a parallel between the infractions committed by the plaintiff here and those at issue in recent cases where we have stated that rules pertaining to attachments must be strictly construed. *E.g., Anderson v. Kennebec River Pulp & Paper Co.,* 433 A.2d 752 (Me.1981); *Bowman v. Dussault,* 425 A.2d 1325 (Me. 1981); *Englebrecht v. Development Corp. for Evergreen Valley,* 361 A.2d 908 (Me. 1976). We point out, however, that the rule violations which occurred in those cases concerned the sufficiency of the affidavits to allow the court to make the find-

1. Rule 4A(c), M.R.Civ.P., provides, in pertinent part:

No property may be attached unless such attachment for a specified amount is approved by order of the court. Except as provided in subdivision (f) of this rule, the order of approval may be entered only after notice to the defendant and hearing and upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above the aggre-

gate of any liability insurance, bond, or other security, and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment.

2. The interlocutory order approving the attachments is immediately appealable, as an exception to the final judgment rule. *Barrett v. Stewart,* 456 A.2d 10, 11 n. 1 (Me.1983). Only two of the four defendants, namely Robert W. Hamilton and H & S Realty, are appellants before this court.

ings required under Rule 4A. Where the supplied affidavit is not, for instance, made on the affiant's own knowledge, information, or belief, it fails to establish sufficient facts to warrant the requisite finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment. *See Englebrecht,* 361 A.2d at 911. This sort of deficiency, unlike those in the present case, undercuts the ability of the court to rule fairly on the motion. We cannot say the plaintiff's failures here had any similarly prejudicial effect.

The appellants also allege the court erred in finding a reasonable likelihood the plaintiff would recover judgment in an amount of $230,000 against H & S Realty and Robert W. Hamilton.

In *Barrett v. Stewart,* 456 A.2d 10 (Me. 1983), we described the appropriate standard of review on this issue:

> We review an order approving attachment only for clear error or abuse of discretion.... The reasonable likelihood of success standard, moreover, is a "relatively low hurdle to clear." ...
>
> We have defined reasonable likelihood of success as a "mere probability of success or a favorable chance of success." ... Otherwise stated, recovery is sufficiently likely if an asserted claim supported by affidavit "is not of such insubstantial character that its invalidity so clearly appears as to foreclose a reasonable possibility of recovery ...."

*Id.* at 11 (citations omitted).

▪ The appellants specifically attack the plaintiff's failure to contradict statements made by Robert Hamilton in affidavits in opposition to the motion for approval of attachment. We have reviewed the affidavits at issue here and are not persuaded the Superior Court abused its discretion in finding that the plaintiff was reasonably likely to recover judgment in the amount of $230,000 against the appellants. The affidavit of Robert E. Cook, in support of the motion for attachment, was expressly made upon his personal knowledge. Cook's affidavit indicated that as of

July 26, 1983, Hamilton & Son owed the plaintiff $229,056.24, with additional interest. Cook attested that defendants Robert W. Hamilton and H & S Realty had executed a guaranty to the plaintiff of the debt of Hamilton & Son. By stipulation of the parties, copies of the guarantees from those two defendants to the plaintiff were treated as attached to and incorporated into Cook's affidavit. In counter-affidavits Robert Hamilton claimed no liability was created under the guarantees because the plaintiff had breached various conditions of the guarantees by making advances to the Debtor in excess of the guaranteed amounts. We believe, however, the facts attested to in the counter-affidavits do not "foreclose a reasonable possibility of recovery" by the plaintiff. *Barrett,* 456 A.2d at 11; *Northeast Investment Co. v. Leisure Living Communities, Inc.,* 351 A.2d 845, 852 (Me.1976).

The appellants also contend the Superior Court erred in allowing attachment of the guarantors' property in the face of uncontradicted testimony that the plaintiff held, as security, collateral of the Debtor in an amount sufficient to satisfy the judgment. We find no error in the court's granting the motion for attachment of the guarantors' property. The appellants argue Rule 4A(c) should be understood to preclude attachment of the guarantors' property in this case because the Debtor's collateral possessed by the plaintiff secured not only the Debtor's obligation, but also that of the guarantors.

▪ We note initially that the plaintiff, by virtue of the unconditional written guarantees given by the appellants, has an independent cause of action against each of the guarantors, quite apart from its claim against the Debtor. The guaranty signed by Robert Hamilton and H & S Realty Co. explicitly states: "No recourse need be had by you against the Debtor before proceeding against us hereunder." In addition to this plain language, the guarantees specifically provide that they are to be governed by and construed in accordance with Mas-

sachusetts law, which has settled this issue against the position taken by the guarantors. In *Coolidge Bank & Trust Co. v. First Ipswich Co.*, 11 Mass.App. 923, 415 N.E.2d 868 (1981), a bank brought an action against guarantors on promissory notes. The court rejected the guarantors' contention the bank was required to exhaust its remedies against the maker before seeking satisfaction against the guarantors: "Such a requirement would impermissibly vary the written contract between the parties." *Id.* at ——, 415 N.E.2d at 870.

No showing was made by the appellants that there was available liability insurance, bond, or other security in an amount sufficient to satisfy a judgment the plaintiff might recover in its actions against the guarantors. The Superior Court did not err in refusing to find the Debtor's collateral would secure whatever obligations to the plaintiff the guarantors might be found to have.

■ Finally, we address the appellants' contention the writs of attachment should not have issued in amounts of $230,000 against each of them. The Superior Court order stated, somewhat ambiguously: "It is therefore ordered that attachment including attachment on trustee process, be made against Defendants H & S Realty Co. and Robert W. Hamilton in the amount of $230,000." The appellants argue the order authorized attachment of the guarantors' property only in a total amount of $230,000, and such "double attachment" as occurred here is precluded by Rule 4A(c), limiting attachments to the amount of the judgment "equal to or greater than the amount of attachment over and above the aggregate of any liability insurance, bond, or other security, and *any property or credits attached by other writ of attachment or by trustee process ....*" (Emphasis added). When the italicized words were added to the rule in 1975, the advisory committee's note explained:

> Rule 4A(c) is amended to provide that to approve an attachment the courts must find that the plaintiff is likely to

recover an amount in excess not only of defendant's liability insurance but of any other attachments under this rule or Rule 4B. The new provision applies whether other attachments have been made previously or are being made simultaneously with the attachment before the court. The amendment thus requires an aggregating of all assets available that was not required in former practice. The effect is to prevent plaintiffs from combining a series of motions for attachment and trustee process that would encumber more of *defendant's assets* than are necessary to secure the judgment.

(Emphasis added). In view of the fact the plaintiff has a separate cause of action against each of the four named defendants, including the three guarantors, attachment of the property of each to the full extent of its potential obligation to the plaintiff is not precluded by a fair interpretation of the rule.

Finding no merit in the appellants' contentions, we deny the appeal and affirm the Superior Court's order approving these attachments.

The entry is:

Order affirmed.

All concurring.