## ROYATEX LIMITED

v.

## George C. DAUGHAN, et al.

Supreme Judicial Court of Maine.

Argued Nov. 2, 1988.
Decided Dec. 14, 1988.

Thomas H. Allen (orally), Melissa A. Hewey, Drummond, Woodsum, Plimpton & MacMahon, Portland, for plaintiff.

Jonathan C. Hull (orally), Hull & Devoe, Damariscotta, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

The defendants, George C. Daughan and Kay Daughan, doing business as Kalgam Imports ("Kalgam"), appeal from an order of the Superior Court (Lincoln County; *Perkins, J.*) granting the plaintiff's motion for attachment and trustee process in the amount of $70,000 against the defendants' property. The defendants argue that it was error for the Superior Court to take judicial notice of a foreign currency rate of exchange when granting the attachment. We affirm the order of attachment.

The plaintiff, Royatex Limited ("Royatex"), manufactures and exports clothing from its principal place of business in the United Kingdom. Kalgam is an importer, wholesaler and retailer of clothing items with stores in Boothbay Harbor and Portland. In its verified complaint, Royatex alleged that it had shipped goods to Kalgam, presented Kalgam with an invoice indicating an amount owed in United Kingdom pounds sterling, and that Kalgam failed to pay for the merchandise. Royatex sought judgment against the Daughans, doing business as Kalgam, for breach of contract and goods sold and delivered "in the amount of £35,520.92 or its equivalence in U.S. dollars at the time payment is received by Royatex, plus interest, costs ... and further [just] relief...."

■ Royatex also filed a motion for approval of attachment and trustee process. The motion proposed an exchange rate of £1.00 to $1.81 U.S. and sought a $70,000 attachment against the Daughans' property. The Superior Court took "judicial notice" of the rate of exchange for the U.S. dollar against the United Kingdom pound

sterling, found a reasonable likelihood that Royatex will recover judgment in an amount equal to or greater than $70,000, including interest and costs, and granted Royatex a $70,000 attachment against the Daughans' property.[1] This appeal followed.[2]

The phrase "judicial notice" refers to the method by which a court informs itself of a particular fact during the course of litigation without the use of formal evidentiary proof. Field & Murray, *Maine Evidence* § 201.1, at 43 (2d ed. 1987). M.R.Evid. 201 permits judicial notice of "adjudicative facts" when those facts are "not subject to reasonable dispute." M.R.Evid. 201 advisers' note; Field & Murray p. 42.

M.R.Evid. 201(b) defines the kinds of facts that are properly subject to judicial notice:

A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

M.R.Evid. 201 thus permits judicial notice of facts that are either "generally known" or "capable of accurate ... determination" by resort to an authoritative source. *See* Field & Murray, §§ 201.2, 201.3, at 44–47.

■ A foreign currency rate of exchange is a proper subject of judicial notice. *Conte v. Flota Mercante Del Estado,* 277 F.2d 664, 670 (2d Cir.1960); *Von Kalinowski v. United States,* 151 Ct.Cl. 172, 196 (1960), *cert. denied,* 368 U.S. 829, 82 S.Ct. 50, 7 L.Ed.2d 32 (1961); *Parker v. Pan Am. World Airways, Inc.,* 447 S.W.2d 731, 734 (Tex.Civ.App.1969); 29 Am.Jur.2d *Evidence* § 82 (1967). A rate of exchange is not subject to reasonable dispute because its accuracy can be determined readily by resort to an authoritative source such as a published rate of exchange. Numerous publications, including major newspapers

1. Based on an exchange rate of £1.00 to $1.81 U.S., £35,520.92 would equal $64,292.87, which, with interest and costs, would be at least $70,000.

2. An immediate appeal from an attachment order absent a final judgment on the merits of the underlying claim is permitted as an exception to the final judgment rule. *Barrett v. Stewart,* 456 A.2d 10, 11 n. 1 (Me.1983).

that carry daily quotations, publish exchange rates. *See United States v. Dior,* 671 F.2d 351, 359 (9th Cir.1982) (Poole, J., concurring and dissenting). It was not error for the Superior Court to take judicial notice of a foreign currency rate of exchange in order to determine the amount of a pre-judgment attachment.[3] *See* J. Weinstein & R. Berger, *Weinstein's Evidence* ¶ 201[03], at 201-31 (1988) (low standard of proof required in pre-judgment attachment proceeding).

A pre-judgment attachment is permitted when "the court finds that there is a reasonable likelihood that the plaintiff will recover judgment in an amount equal to or greater than the amount of the attachment...." M.R.Civ.P. 4A(c). *See Barrett v. Stewart,* 456 A.2d 10, 11 (Me.1983); *Terry v. T.J.C. Coin & Stamp Co.,* 447 A.2d 812, 814 (Me.1982). The Daughans do not challenge the Superior Court finding that there is a reasonable likelihood of some recovery by Royatex. We conclude that there was no clear error in the court's taking judicial notice of a foreign currency rate of exchange in determining the amount of the likely recovery.

The entry is: Order affirmed.

All concurring.

---

3. M.R.Evid. 201(e) provides:

**Opportunity to Be Heard.** A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

A hearing was held on the plaintiff's motion for attachment. Although the Daughans filed a general objection to the plaintiff's motion for attachment, the record does not reflect that they presented the Superior Court with source material in order to challenge the particular rate of exchange proposed by the plaintiff in its pleadings.