George F. TERRY III

v.

T. J. C. COIN & STAMP COMPANY et al.

Supreme Judicial Court of Maine.

Argued May 3, 1982.

Decided July 20, 1982.

Nale & Nale Law Offices, John E. Nale (orally), Waterville, for plaintiff.

Louis Marcou (orally), Waterville, for defendants.

Before NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

We are faced on this appeal with a challenge to the regularity of the ex parte proceedings below where both an attachment of real and personal property and attachment on trustee process were approved.

Alleging false representation and seeking compensatory damages, punitive damages, and attorneys fees, the Plaintiff, George F. Terry, III, of Waterville, initiated this action on November 6, 1981, by filing in Superior Court a complaint against the Defendants, T.J.C. Coin & Stamp Company and Thomas J. Creswell, Jr. On November 9, 1981, the Superior Court (Kennebec County) granted the Plaintiff's motion for an order approving ex parte attachment of real and personal property belonging to the Defendants and attachment on trustee process in the amount of $69,200. One day later, a sheriff attached personal property belonging to the Defendants. On November 12, 1981, the Superior Court denied the Defendants' motion to dissolve[1] that attachment.

■ On appeal we address the only issue raised by the Defendants: whether the Superior Court, in its ruling on the motion to dissolve the attachment, erred in finding that the Plaintiff had a reasonable likelihood of recovering a judgment of $69,200 or more from the Defendants.

We affirm the judgment.

T.J.C. Coin & Stamp Company is owned and operated by Thomas J. Creswell, Jr. and has its principal place of business in Waterville. The Superior Court could have rationally found that between June, 1980 and June, 1981, the following events occurred: During the period from June, 1980, through October, 1980, the Plaintiff paid the Defendants $70,000 for coins whose value the Defendants represented as $120,000. In October, 1981, two independent appraisers, hired by the Plaintiff, valued these coins at $11,300 or less. On December 29, 1980, the Plaintiff gave the Defendants coins worth $40,000 in return for coins worth $38,900 and a credit of $1,100. On June 2, 1981, the Plaintiff gave the Defendants a coin worth $6,000 for the purpose of having it appraised by the Defendants. The Defendants did not return the coin.

■ Our jurisdiction to consider this appeal derives from the collateral order exception to the final judgment rule. *See Northeast Investment Co., Inc. v. Leisure Living Communities, Inc.*, Me., 351 A.2d 845, 847–51 (1976). The denial of the Defendant's motion to dissolve, entered after a hearing, finally determined the validity of the ex parte attachment.

The motion to dissolve the ex parte attachment challenged, and the accompanying affidavit of Thomas J. Creswell, Jr. alleged facts antithetical to, the following findings of the Superior Court in its order approving the ex parte attachment: (1) that the Defendants would remove property from the state if notified in advance of the attachment, and (2) that there was a reasonable

---

1. The Defendants erroneously styled this a motion to "dismiss" attachment. *See* M.R.Civ.P. 4A(g). Although this motion and the Superior Court's denial do not specify which ex parte attachments were in issue, for the purpose of this appeal we shall assume that the Defend-
ants moved to *dissolve* and the Superior Court denied the dissolution of both the ex parte attachment of property and the ex parte attachment on trustee process. *See* M.R.Civ.P. 4A(f), 4B(i).

likelihood that the Plaintiff would recover a judgment against the Defendants in the amount of $69,200 or more. On appeal, the Defendants allege only that, in its denial of the motion to dissolve, the Superior Court could not have found that there was a reasonable likelihood that the Plaintiff would recover a judgment against the Defendants for $69,200 or more.

■ The "reasonable likelihood of success" test is two-pronged. The first requires a reasonable possibility that the plaintiff will succeed on the merits of his claim. "Reasonable possibility" is a standard less onerous than proof that success is more likely than not. The second requires a finding that the amount of the ex parte attachment ordered was reasonable. The amount is reasonable if there is a reasonable possibility that the judgment on the plaintiff's claim will equal that amount or more. *See Bowman v. Dussault*, Me., 425 A.2d 1325, 1328–29 (1981); Advisory Committee's Note of January 1, 1973 to Rule 4A and Rule 4B, *reprinted in* Field, McKusick & Wroth, *Maine Civil Practice* 63, 88 (Supp. 1981). As an appellate court, we review the Superior Court's factual findings and application of legal norms to those facts for clear error or for an abuse of discretion. *See Bowman v. Dussault, supra* at 1328.

In support of the motion to dissolve, the affidavit of Thomas J. Creswell, Jr. alleged that T.J.C. Coin & Stamp Company paid the Plaintiff "a credit of $40,000 on accounts to date, approximately $17,000 in cash advances, [and] a return of $38,000 in coins." The allegation does not state the dates of these payments. The Superior Court was warranted in finding this affidavit unpersuasive, and could have rationally found that the Plaintiff had a reasonable likelihood of obtaining a judgment of $69,200 or more.[2]

The entry, therefore, is:

**2.** Because a transcript of the hearing on the motion to dissolve is not included in the record, we do not know whether any other allegations were before the Superior Court or whether the

Appeal denied.
Judgment affirmed.

All concurring.

Plaintiff urged that the Court consider the affidavit of Plaintiff's attorney in support of the motion for approval of ex parte attachment and attachment on trustee process.