**CASCO NORTHERN BANK, N.A., et al.**

v.

**NEW ENGLAND SALES, INC., et al.[1]**

Supreme Judicial Court of Maine.

Argued March 22, 1990.

Decided May 3, 1990.

---

**1.** New England Sales, Inc. ("NES"), a Maine corporation, is a wholly-owned subsidiary of defendant Diversified Foods, Inc. ("DFI"). Defendant Ronald Giguere, the president and a director of both NES and DFI, served as guarantor of the notes at issue.

Peter W. Culley, William J. Kayatta, Jr., David E. Barry (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for plaintiffs.

Richard E. Poulos, John S. Campbell, Stuart W. Tisdale, Jr. (orally), Poulos, Campbell & Zendzian, Portland, for defendants.

Before ROBERTS, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

The debtor, New England Sales, Inc. ("NES"), appeals from the order of the Superior Court (Cumberland County, *Lipez, J.*) denying its motion to dissolve an attachment and trustee process ordered ex parte in favor of the creditors, Casco Northern Bank and First National Bank of Boston ("Casco"). Since the motion justice committed neither clear error nor an abuse of discretion in approving an attachment and trustee process in an amount equal to the deficiency in the value of collateral owned by NES, we affirm the order.

NES is a Maine corporation headquartered in Portland and engaged primarily in the wholesale grocery and beauty aids business. In October 1987, NES and Casco entered into a financing agreement that provided NES with funds, equaling a percentage of eligible accounts receivable and inventory, under a line of credit that was secured by those assets in addition to proceeds of inventory and contract rights. Two additional loans, secured by the same assets and subordinate to the line of credit, were also extended by Casco at that time. After several alleged violations by NES of the terms of those loan agreements and Casco's subsequent demand for repayment of the amount outstanding under the three notes, NES commenced an action against Casco for its alleged breach of contract.[2]

Two days later and after receiving service of NES's summons and complaint, Casco instituted a separate action for NES's alleged breach of the same agreements and sought ex parte approval of a motion for attachment and trustee process. *See* M.R. Civ.P. 4A(f), 4B(h). In support of its motion, Casco filed a single affidavit by an account officer responsible for those loans. That affidavit stated that NES had violated the terms of the loan agreements by failing to remit the proceeds of inventory that served as collateral for the note resulting in a $975,000 deficiency in the value of Casco's collateral, that demands for return of those proceeds had been refused, and that the danger of further diversion required ex parte approval of the motion. An order approving attachment and trustee process in the amount of the deficiency was entered the same day. NES promptly filed a motion for dissolution of the ex parte order, *see* M.R.Civ.P. 4A(g), 4B(i), accompanied by a copy of its previously filed complaint against Casco. After a hearing, that motion was denied.

2. In its ten-count complaint captioned *Diversified Foods, Inc., et al v. First National Bank of Boston, et al.,* Civ. No. 89–1073, NES alleged, *inter alia,* that Casco breached the loan agreements by retroactively classifying certain items of inventory, computers and related supplies, as ineligible for inclusion in the lending base inventory, resulting in an immediate over-advance of $960,000 on the line of credit that comprised NES's default. That action was consolidated with the instant case by a December 1989 order.

■ On appeal, NES argues the same issues as were raised and rejected at the dissolution hearing, that the single affidavit in support of the ex parte motion was both defective and legally insufficient and that the attachment should have been dissolved as a sanction for abuse of the ex parte procedure.[3] Affidavits in support of a motion for attachment, whether for an attachment after notice, M.R.Civ.P. 4A(c), 4B(c), or one approved ex parte, M.R.Civ.P. 4A(f), 4B(h), must "set forth specific facts sufficient to warrant the required findings and shall be upon the affiant's own knowledge, information or belief...." M.R. Civ.P. 4A(h). While the sufficiency both of the facts contained in the affidavit and the jurat were grounds the motion justice could have considered on Casco's ex parte motion for attachment, neither is a viable ground on which NES may now appeal an order denying dissolution of an attachment and trustee process that was issued after a contested hearing was conducted and an additional, unchallenged affidavit was offered. *Herrick v. Theberge,* 474 A.2d 870, 876 & n. 2 (Me.1984); *Terry v. T.J.C. Coin & Stamp Co.,* 447 A.2d 812, 813 (Me.1982). The hearing on the motion to dissolve that NES requested and received was the equivalent of a contested hearing on a motion for attachment conducted after notice, *Herrick,* 474 A.2d at 876 n. 2; *see* M.R.Civ.P. 4A(c), 4B(c), and one in which Casco had the burden of establishing "a reasonable likelihood [of] recover[y] ... in an amount equal to or greater than the amount of the attachment [or trustee process]...." M.R. Civ.P. 4A(c), 4B(c); *see also Herrick,* 474 A.2d at 874; *Beesley v. Landmark Realty,*

*Inc.,* 464 A.2d 936, 937 (Me.1983). That burden, described as a two-pronged inquiry, is satisfied by a showing of a reasonable possibility of success on the merits of a claim and the reasonableness of the amount of attachment. *Terry,* 447 A.2d at 813.

■ Though NES does not seriously contest Casco's possibility of success on the merits,[4] it maintains that the amount of the attachment, $975,000, is not reasonable. NES does not dispute that a deficiency of collateral in that amount existed at the time of the dissolution hearing but argues that its likely recovery against Casco on its own breach of contract claim should have been considered as an offset to that sum. While NES might have demonstrated that it was entitled to an attachment against Casco on its own claim, M.R.Civ. 4A(d), 4B(f), it made no motion for an attachment, and even were one made, its possible recovery on that claim could not be considered as an offset. M.R.Civ.P. 4A(c), 4B(c); *see also Herrick,* 474 A.2d at 874–75. The trial court's decision amounts to neither clear error nor an abuse of discretion.

The entry is: Order denying dissolution of attachment and trustee process affirmed.

All concurring.

---

**3.** While dissolution of the attachment is a sanction that may be imposed by the court for abuse of the ex parte procedure, *Herrick v. Theberge,* 474 A.2d 870, 876 (Me.1984), we discern no abuse of discretion in the court's refusal to impose such a sanction in this case where there is no allegation that Casco made a knowingly false statement in the ex parte proceeding.

**4.** The standard of a reasonable possibility of success is a low threshold, *see Herrick,* 474 A.2d

at 874, satisfied by "a claim [that] is not of such insubstantial character that its invalidity ... clearly appears ... to foreclose ... recovery." *Northeast Invest. Co. v. Leisure Living Comm., Inc.,* 351 A.2d 845, 852 (Me.1976).