Filed 04/27/23

| | | |
|---|---|---|
| VERMONT SUPERIOR COURT<br>Washington Unit<br>65 State Street<br>Montpelier VT  05602<br>802-828-2091<br>www.vermontjudiciary.org |  | CIVIL DIVISION<br>Case No. 22-CV-03928 |

---

Kingsbury Companies, LLC v.  Winton Goodrich et al

---

## Opinion and Order on Motion for Writ of Attachment

Defendants Winton and Valerie Goodrich hired Plaintiff Kingsbury Companies, LLC to install a new septic system and leach field at their home.  The Goodriches withheld payment after Kingsbury completed its work, prompting Kingsbury to file this action for breach of contract and violation of the Prompt Pay Act, 9 V.S.A. §§ 4001–4009.  With the complaint, Kingsbury sought a writ of attachment encumbering the Goodriches' real property in the amount claimed due, $31,400, to secure a potential judgment.  Vt. R. Civ. P. 4.1.  A hearing was held on March 13, 2023, after which the parties filed supplemental briefing.  The Court now determines as follows.

### 1.    Background

The Goodriches oppose any writ of attachment on the strength of their counterclaim and defense to Kingsbury's claims.  The heart of the dispute is the Goodriches' allegation that Kingsbury, when adding fill acquired offsite to the Goodrich property, imported Japanese knotweed, a noxious and highly destructive weed that was not present previously, and which will require extraordinary effort and expense to eradicate, far exceeding the value of Kingsbury's claims.

2.	Standard

The purpose of a writ of attachment is to provide security for "any judgment for damages and costs the plaintiff may recover." Vt. R. Civ. P. 4.1(a). The writ is approved "upon hearing and a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance, bond, or other security shown by the defendant to be available to satisfy the judgment." Vt. R. Civ. P. 4.1(b)(2). The reasonable likelihood standard requires "a realistic conclusion by the court on the basis of affidavits and other evidence presented at the hearing as to the actual probability of recovery by the plaintiff." Reporter's Notes—1973 Amendment, Vt. R. Civ. P. 4.1. The defendant may contest the plaintiff's "showing of 'reasonable likelihood' through contrary evidence and through the assertion of affirmative defenses." *Id.* (citation omitted). The overriding point is "to limit prejudgment takings of property to situations where the property taken is in fact likely to be subject to a subsequent judgment." *Id.*

At the hearing, the Court requested supplemental briefing on the propriety of considering a defendant's counterclaim as an offset against a plaintiff's claim when considering whether to approve an attachment or in determining its amount. Specifically, the Court noted that Vermont's Rule 4.1 is derived from Me. R. Civ. P. 4A. The Reporter's Notes under that Rule are clear: "As under existing law, specificity is required in the showing for the amount of the attachment, and this amount cannot be offset by claims of the non-moving party. *See Casco N. Bank, N.A., et al. v. New England Sales, Inc., et al.,* 573 A.2d 795, 797 (Me. 1990)."

In response to the Court's request, Kingsbury takes the position that a counterclaim is not properly considered because Rule 4.1 does not list it as an offset while it does require the amount to be reduced to the availability of "liability insurance, bond, or other security." The Goodriches' position is that the matter is irrelevant in this case because the underlying basis for its counterclaims is essentially the same as its direct defense to Kingsbury's claims—that Kingsbury failed to perform in a good and workmanlike manner. Vermont's attachment statutes are silent on the matter. *See* 12 V.S.A. §§ 3251–3410.

The Court agrees with the Defendants. The Court sees no need to reach the question of whether to consider the impact of the counterclaim. The evidence put forth by Defendants goes to the very essence of Plaintiff's performance under the contract.

3.     Analysis

The hearing evidence established that Plaintiff performed the work agreed to in the contract, but not fully. While Plaintiff did the physical, excavating, and construction work envisioned by the parties' agreement, the evidence at the hearing failed to establish that the work was done appropriately or adequately or consistently with parties' understandings as to their mutual obligations under the contract. *See S. Burlington Sch. Dist. v. Calcagni-Frazier-Zajchowski Architects, Inc.*, 138 Vt. 33, 44 (1980) (in every contract there is an "implied duty to perform with care, skill, reasonable expedience and faithfulness"); *Rothberg v. Olenik*, 128 Vt. 295, 305 (1970) (recognizing cause of action for breach of implied duty of good workmanship), *cited in Long Trail House Condo. Ass'n v. Engelberth Const., Inc.*, 2012 VT 80, ¶ 31, 192 Vt. 322, 336; *see also Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 358 (Tex. 1987) (explaining that the "implied duty of good

and workmanlike performance has been applied . . . as an affirmative defense . . . or offensively . . . to collect damages proximately caused by unskillful and deficient work").

At a minimum, the early evidence adduced at hearing showed a reasonable likelihood that the knotweed infestation on the Goodrich property was caused by fill deposited there by Kingsbury (and not by environmental happenstance); that knotweed is extremely destructive and needs to be eradicated; that Kingsbury acknowledged the knotweed infestation (while denying liability for it); that Kingsbury had offered to undertake some efforts to address the problem; that eradication is complex and expensive, especially where, as here, its source is not a single mother plant but is spread throughout the property by many tiny, underground rhizomes that can lie dormant in various places waiting to spring to life; that the use of chemical herbicide is both unlikely to be effective against such an infestation and contraindicated given that Defendants had created/cultivated a largely organic lawn and garden at their property; and, as a result, that Plaintiff's offers to provide minor "fixes" to the problem would be ineffectual.

Given those (preliminary) factual determinations, the Court cannot conclude that Plaintiff fully performed as required by the contract and, therefore, cannot find a reasonable likelihood of a judgment in Kingsbury's favor in this case. For that reason, Kingsbury's request for a writ of attachment must be denied.

<u>Conclusion</u>

For the foregoing reasons, Kingsbury's motion for a writ of attachment is denied.

Electronically signed on Wednesday, April 26, 2023, pursuant to V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge