**Mary JACQUES, et al.,**

v.

**Fred BROWN, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 11, 1992.
Decided June 10, 1992.

Joseph M. Jabar, Daviau, Jabar & Batten, Waterville, for plaintiffs.

Keith R. Varner, Sumner H. Lipman, Lipman & Katz, Eric Mehnert, Hawkes & Mehnert, Augusta, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Defendant Troy Brown appeals from an order of the Superior Court (Somerset County, *Silsby, J.*) attaching real estate in the amount of $100,000.[1] Contending that the affidavits filed in support of the motion for attachment are insufficient, Brown argues that the court erred and abused its discretion in granting the attachment. Finding no error or abuse of discretion, we affirm.

In their complaint, plaintiffs Mary Jacques and her husband Jeffrey Jacques, allege in Count I that Mary's father, Fred Brown, sexually assaulted Mary causing her serious bodily and emotional injury and loss of consortium to Jeffrey. In Count II, Mary and Jeffrey allege that Fred and Christine Brown,[2] Mary's mother, fraudulently conveyed their real property to Troy Brown, Mary's brother, in an attempt to avoid creditors, violating Maine's Fraudulent Transfer Act. *See* 14 M.R.S.A. §§ 3571–3582 (Supp.1991). Along with their complaint, the Jacqueses filed a motion for approval of real estate attachment together with an accompanying memorandum and supporting affidavits. *See* M.R.Civ.P. 4A.

Mary's affidavit alleges that Fred sexually assaulted her and that he has pleaded guilty to the crime of gross sexual assault.

[1] An order granting an attachment is immediately appealable as an exception to the final judgment rule. *See Morton v. Miller,* 600 A.2d 395, 396 n. 3 (Me.1991).

[2] The court later granted Christine Brown's motion to dismiss her as to Count II.

The affidavit further states that Fred and Christine transferred all of their real estate to Troy, their only child other than Mary, and that it is Mary's belief that the transfer was without consideration and for the purpose of avoiding Mary's claim on their property.

▆▆▆ Troy contends that those factual allegations are insufficient to support an attachment of real estate in any amount. We disagree. Our review of the order of attachment is limited to whether the trial court committed error in concluding that a reasonable likelihood[3] existed that Mary was sexually assaulted by Fred and that the property was conveyed to Troy to avoid Mary's claim against the property. Certainly that standard has been met as to the sexual assaults. Mary alleges that they occurred and that Fred entered a plea of guilty to gross sexual assault. See 17–A M.R.S.A. § 253 (Supp.1991).[4] Although the defendants submitted affidavits that the real estate was transferred to Troy for reasons other than to avoid Mary's claim against it, there is no dispute that Troy did not pay cash or execute a promissory note at the time of the transfer. We cannot say that the trial court erred or abused its discretion in concluding that there is a reasonable possibility that the transfer was to avoid Mary's claim.

▆▆▆ M.R.Civ.P. 4A(c) requires parties seeking an attachment to show not only that they are reasonably likely to recover a judgment from the defendants, but also that they are reasonably likely to recover a judgment in an amount at least equaling the amount of the requested attachment. Troy relies on Bowman v. Dussault, 425 A.2d 1325 (Me.1981), to support his contention that even if the affidavits minimally support an attachment in some amount, they do not meet the specificity required to justify an attachment of $100,000. In Bowman we vacated a $100,000 attachment order entered in favor of the victim of an auto accident who alleged that she was hospitalized and required surgery, had disfiguring facial scars that caused her mental anguish and impaired her ability to perform her work as a model and dance instructor, and would require future surgery that would reduce, but not eliminate, the scarring. In view of the predominantly physical nature of Bowman's injuries and the failure of her affidavit to describe them with any particularity,[5] and the absence of any information as to the projected loss of earnings, we concluded that the affidavit lacked the specificity required by M.R.Civ.P. 4A(c). Id. at 1329–30.

▆▆▆ The injuries alleged to be suffered by Mary, however, are vastly different. Those injuries are mental and emotional, flowing from unlawful sexual attacks upon her. The sexual attacks are violations of her person by her own father, and she alleges that they have caused a change in her personality and that they have adversely affected her relationship with her husband. Such injuries are difficult to describe with great specificity in an affidavit. Although Mary could have included bills and estimates as to the cost of therapy, those costs do not constitute the major part of the damages alleged. "We are in no position to second guess the case assessment that the [court] made" after reviewing the affidavits and according the parties

**3.** The "reasonable likelihood standard requires only that the plaintiff's claim 'is not of such insubstantial character that its invalidity so clearly appears as to foreclose a reasonable possibility of recovery.'" Bay of Naples Condominium Ass'n v. Lewis, 582 A.2d 1210, 1212 (Me. 1990) (quoting Northeast Inv. Co. v. Leisure Living Communities, Inc., 351 A.2d 845, 852 (Me. 1976)).

Though not applicable in this case, we point out that M.R.Civ.P. 4A(c) has been amended to change the reasonable likelihood of success standard to one of proof by a preponderance of the evidence. Effective February 15, 1992, be-

fore an attachment can be approved, the court must find that the moving party will succeed on his or her claim by a preponderance of the evidence. See M.R.Civ.P. 4A(c), Me.Rptr., 599 A.2d XCVII.

**4.** Fred Brown was convicted in Superior Court on two counts of gross sexual assault against his daughter, Mary Jacques.

**5.** We suggested that the use of photographs, among other possibilities, would have been an appropriate way to demonstrate the severity of the scarring.

a full hearing on the motion for attachment. *Herrick v. Theberge,* 474 A.2d 870, 875 (Me.1984). The claimed sexual assaults in and of themselves are so invasive that we cannot say that the Superior Court erred in concluding that there is a reasonable likelihood that Mary's recovery will equal or exceed $100,000.

The entry is:

Judgment affirmed.

All concurring.