Gardner W. MORRILL

v.

George R. MORRILL et al.

Supreme Judicial Court of Maine.

Argued March 6, 1996.
Decided July 17, 1996.

Janet K. Kantz (orally), Thomas F. Hallett Law Offices, P.A., Portland, for Plaintiff.

Jeffrey T. Edwards (orally), Preti, Flaherty, Beliveau & Pachios, Portland, for Defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Gardner W. Morrill appeals from a judgment entered in the Superior Court (Cumberland County, *Mills, J.*) in favor of the defendants, George R. Morrill, Morrill's Auctions, Inc., and Maine Auto Dealers Exchange, Inc. The court granted a judgment as a matter of law to the defendants at the trial of Gardner's claim of tortious interference with an expected inheritance. Gardner argues that the court incorrectly ruled that he failed to establish an expectancy because of the absence of evidence of his parent's intestacy at the time of the alleged tortious conduct. We agree, and vacate the judgment.

Ruth and Gardner R. Morrill had three children, Gardner W., Roger, and George. Between 1981 and 1989, the father and mother made certain real estate and stock transfers to their son George. The father died on November 27, 1990, survived by his wife and children. On July 26, 1993, Gardner brought an action against the defendants alleging, *inter alia,* that George tortiously interfered with Gardner's expected legacy by inducing his parents to make the transfers.

At the trial, the defendants moved for a judgment as a matter of law arguing that (1) no evidence was introduced showing wrongful conduct by the corporate defendants, (2) Gardner failed to satisfy his burden of proving any wrongful conduct by George, and (3) Gardner failed to establish that he had an expected legacy at the time of the alleged tortious acts. The court granted the motion on the basis that Gardner failed to prove either that he had an expectancy to inherit through intestate succession or as a beneficiary of a will. The court reasoned that in order to establish an expectancy to inherit through intestate succession, Gardner had to prove that his parents were intestate during the alleged tortious conduct. This appeal followed.

I.

■ Before reaching the merits, we first address a procedural issue raised by the defendants. They argue that Gardner's failure to furnish us with a transcript of the trial proceedings precludes him from arguing on appeal that he had established the necessary elements to set forth a *prima facie* case of tortious interference with an expected inheritance. To prevail on such a claim, Gardner must establish that he had an expectancy of a benefit from a parent and that the defendant interfered with the expectancy by means of fraud or undue influence. *Plimpton v. Gerrard,* 668 A.2d 882, 885 (Me.1995); *see also DesMarais v. Desjardins,* 664 A.2d 840, 843 (Me.1995). Pursuant to M.R.Civ.P. 74(b)(1), as the appellant Gardner is responsible for providing "a transcript of such parts of the proceedings ... [as Gardner] deems necessary." *See also C.N. Brown Co. v. Gillen,*

569 A.2d 1206, 1209 n. 2 (Me.1990). We have stated that the appellant must provide the reviewing court with a sufficient record to permit adequate consideration of his contentions on appeal. *State v. Butler,* 627 A.2d 530, 531 (Me.1993).

■ The issue on appeal in this case is a narrow one, namely, whether the court erred in assigning to Gardner the burden of proving his parents' intestacy during the period of the alleged tortious interference. Gardner has provided a transcript of the hearing on the defendants' motion for a judgment as a matter of law establishing that the court's grant of the motion was based on Gardner's failure to prove his parents' intestacy. Contrary to the defendants' contention, a full trial transcript is not necessary for our review of this narrow question. The defendants were notified of Gardner's limited transcript order as well as the limited issue he would raise on appeal. When the defendants seek to argue on appeal for an alternative rationale for affirming the judgment, namely, that Gardner failed to prove undue influence or fraud, they must file and serve on Gardner a request for an additional transcript or be responsible for producing it themselves. M.R.Civ. P. 74(b)(3). Because the defendants pursued neither alternative, we address the single issue before us.

## II.

■ There is no dispute that Gardner is one of three children of Gardner R. and Ruth. On appeal, Gardner argues that he has established an expectancy of inheritance based solely on that status. The defendants argue, as they did before the trial court, that Gardner must prove either (1) that his parents were intestate during the time of the alleged tortious interference or (2) that he would be a beneficiary pursuant to an existing will. The court's decision adopts the defendants' argument that in these circumstances Gardner must prove his parents' intestacy during the alleged tortious conduct to establish an expectancy.

■ This appeal requires us to focus on the expectancy element in a claim of wrongful interference with an expectancy. *See Plimpton,* 668 A.2d at 885 (Maine recognizes the tort of wrongful interference with an expected legacy or inheritance). "The essence of such a claim is that 'but for the tortious interference of another, [the plaintiff] would in all likelihood have received a gift or specific profit from a transaction.' " *DesMarais,* 664 A.2d at 843 (quoting *Harmon v. Harmon,* 404 A.2d 1020, 1024 (Me. 1979)).[1] We have previously held that "[o]nce [a] will has been executed an expectancy has been created in the legatee." *Harmon,* 404 A.2d at 1022. Recognizing that there is no real distinction between gifts through inheritance and gifts through a revocable trust, courts in other jurisdictions have held that revocable trusts also create expectancies. *Hammons v. Eisert,* 745 S.W.2d 253, 257 (Mo.App.1988) (citing *Davison v. Feuerherd,* 391 So.2d 799, 801 (Fla.Dist.Ct. App.1980). These methods, however, are not the only means of establishing an expectancy. Simply by proving that he is their child and therefore a natural recipient of his parents' bounty, Gardner has established an expectancy of inheriting a portion of his parents' estate. Because he is their child, the existence *vel non* of a will is irrelevant to the issue whether an expectancy has been created. *See Avery v. Whatley,* 670 A.2d 922, 925 (Me.1996) (citing *Plimpton,* 668 A.2d at 886). Evidence concerning testacy, however, may be relevant to enhance or diminish the expectancy and to determine damages. The court erred as a matter of law in requiring Gardner to prove his parents' intestacy during the time in question.

The entry is:

Judgment vacated.

All concurring.

---

1. Section 774B of Restatement (Second) of Torts (1979) states: "One who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift." Comment b to section 774B defines inheritance to include "any devise or bequest that would otherwise have been made under a testamentary instrument or any property that would have passed to the plaintiff by intestate succession."