James VOGT

v.

Nancy CHURCHILL, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs May 9, 1996.
Decided July 26, 1996.

James Vogt, Alfred, pro se.

David L. Herzer, Jr., Norman, Hanson & Detroy, Portland, Elizabeth Stouder, Richardson, Whitman, Large & Badger, Portland, for Defendants.

Before ROBERTS, RUDMAN, DANA, and LIPEZ, JJ.

PER CURIAM.

James Vogt appeals from the entry of an order in the Superior Court (Lincoln County, *Marsano, J.*) granting Elizabeth Scheffee's motion for attachment and trustee process in the amount of $100,000. Vogt contends that the court either abused its discretion or committed clear error in granting the motion. We affirm the order.

*Background*

In September 1991 Vogt filed a complaint for divorce against his wife, Nancy Churchill, who retained Elizabeth Scheffee to represent her in a contested divorce action. Shortly after the court issued its final decree, Vogt wrote numerous letters to the Board of Overseers of the Bar seeking an investigation of

Scheffee's professional conduct during the divorce litigation and seeking her disbarment. The letters spanned approximately seven months, and at least one of the letters was copied to the Maine Attorney General's office, the Maine Civil Liberties Union, the United States Attorney General's office, Pine Tree Legal Services, and the York County District Attorney. The Board dismissed Vogt's complaint against Scheffee, finding that Vogt had "presented no basis to justify a claim for professional misconduct" against Scheffee.

Vogt then placed an advertisement in the *Casco Bay Weekly* seeking information from other individuals who were disgruntled with service they had received from Scheffee.[1] Shortly after the advertisement appeared, Vogt commenced an action in federal district court, alleging that Scheffee conspired with others to deprive him of his constitutional rights. Vogt's complaint against Scheffee was eventually dismissed "due to lack of detail...."

Vogt instituted the present action against Scheffee and his ex-wife Churchill, claiming that they were guilty of libel and slander during the divorce litigation. Scheffee counterclaimed, alleging, *inter alia*, that Vogt himself was guilty of libel, slander per se, and the intentional infliction of emotional distress.[2] Scheffee subsequently filed a motion for approval of an attachment and a trustee process in the amount of $100,000, based on her claim for the intentional infliction of emotional distress.[3] Accompanying Scheffee's motion was her affidavit detailing the chronology of Vogt's actions against her over a period of two years.

Vogt opposed Scheffee's motion for an attachment by alleging the same professional misconduct that forms the basis of his lawsuit against her. He did not respond with affidavits or other sworn testimony in opposition to her motion. After a nontestimonial hearing the court approved Scheffee's motion for an attachment. Vogt appeals from the court's order.

### Discussion

M.R.Civ.P. 4A makes attachment of real estate, goods and chattels available to satisfy any judgment recovered by a plaintiff if that plaintiff can establish that it is "more likely than not that [they] will recover judgment ... in an amount equal to or greater than the ... attachment...." M.R.Civ.P. 4A(a) & (c). A plaintiff is required to submit affidavits in support of a motion for the approval of an attachment. M.R.Civ.P. 4A(c). The affidavits, in turn, must "set forth specific facts sufficient to warrant the required findings," *i.e.*, facts that warrant a finding that it is more likely than not that the plaintiff will prevail at trial in an amount that at least equals the amount sought to be attached. M.R.Civ.P. 4A(i). *See also Trans Coastal Corp. v. Curtis*, 622 A.2d 1186, 1188 (Me. 1993) (moving party must establish by a preponderance of the evidence that she will succeed on her claim in an amount equal to or greater than the amount of the attachment sought). Both an attachment and a trustee process are available to a counterclaim plaintiff. M.R.Civ.P. 4A(e),[4] 4B(g).[5]

---

1. The advertisement read in relevant part:

   Anyone who has been a victim of unethical acts (false statements, fee building, fostering hate or discontent, threats, abuse of process, etc.) by ... Elizabeth Scheffee Esq. ... in the past three years.... Please write JIM (Justice in Maine).... There is no charge or cost to anyone. With patience on your part you may receive some long overdue satisfaction!

2. Scheffee asserted nine causes of action in her counterclaim, including interference with existing contractual relations (Count I), interference with prospective business advantage and contractual relations (Count II), *injurious falsehood* (Count III), libel (Count IV), slander and libel per se (Count V), invasion of privacy (Count VI), wrongful use of civil proceedings (Count VII), abuse of process (Count VIII), and intentional *infliction of emotional distress (Count IX).*

Counts I, II and III were voluntarily dismissed by Scheffee.

3. Although trustee process is not available solely on the basis of defamation claims, 14 M.R.S.A. § 2601 (1980), M.R.Civ.P. 4B(a), trustee process is available to a party seeking relief on a claim of intentional infliction of emotional distress. *Calvert v. Corthell*, 599 A.2d 69, 72 (Me.1991) (trustee process is available for an emotional distress claim even if the emotional distress was caused by slanderous statements).

4. M.R.Civ.P. 4A(e) provides:

   An attachment may be made by a party bringing a counterclaim, a cross-claim, or a third-party complaint in the same manner as upon an original claim.

5. M.R.Civ.P. 4B(g) provides in relevant part:

   Trustee process may be used by a party bringing a counterclaim, a cross-claim, or a

■ Pursuant to the collateral order exception, we may entertain an appeal from an order granting or denying an attachment or a trustee process. 2 Field, McKusick & Wroth, *Maine Civil Practice* § 73.2 at 435 (2d ed. Supp.1981). On appeal, we review orders of attachment for clear error or abuse of discretion. *Wilson v. DelPapa*, 634 A.2d 1252, 1253 (Me.1993).

■ A plaintiff asserting an intentional infliction of emotional distress claim must show that: (1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain that such distress would result from the defendant's conduct; (2) the conduct was so "extreme and outrageous" as to exceed "all possible bounds of decency" and must be regarded as "atrocious, and utterly intolerable in a civilized community;" (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was so "severe" that "no reasonable [person] could be expected to endure it." *Henriksen v. Cameron*, 622 A.2d 1135, 1139 (Me.1993) (citing *Vicnire v. Ford Motor Credit Co.*, 401 A.2d 148, 154 (Me.1979) (citations omitted)).

■ There is ample evidence in Scheffee's unopposed affidavit supporting her claim for the intentional infliction of emotional distress. The affidavit describes a concerted, prolonged campaign against Scheffee by Vogt intended to cause severe emotional distress. That campaign involved conduct that a factfinder could conclude was "extreme and outrageous." Scheffee's affidavit links her emotional distress to Vogt's campaign against her. Finally, Scheffee's symptoms of emotional distress include humiliation, professional anxiety, loss of sleep and appetite, crying episodes, a concern that she might lose her new home, and distraction and fear.

■ The question remaining is whether Scheffee also established that it is more likely than not that she will prevail in the amount of $100,000 or more, the amount of the attachment sought. These damages do not reflect a quantifiable economic loss experienced by Scheffee due to Vogt's tortious conduct. Rather, they reflect damage to her emotional well-being. In cases involving dignatory torts, such as defamation or intentional infliction of emotional distress,[6] evidence of a plaintiff's mental suffering is sufficient to support a substantial compensatory damage award. *See, e.g., Marston v. Newavom*, 629 A.2d 587, 593 (Me.1993) (in slander per se case, evidence of mental suffering, by itself, was sufficient to support jury verdict of $50,000 in compensatory damages). Claims involving injury to one's dignity are, by their very nature, not susceptible to quantification by expert testimony or any other form of evidence. In such cases, the fact finder at trial must decide what dollar amount will appropriately and fairly compensate the plaintiff for her injury. In the context of a motion for an attachment, the court must determine what kind of damage outcome is more probable than not, based on its experience with jury awards and the nature of the emotional distress described in the affidavits. The court did not abuse its discretion in granting Scheffee's motion for an attachment in the amount of $100,000.

The entry is:

Judgment affirmed.

All concurring.

---

third-party complaint in the same manner as upon an original claim, provided that the trustee resides or, if a corporation, maintains a usual place of business, in the county where the action is pending. . . .

**6.** Dignatory torts encompass any cause of action that primarily addresses injury to one's reputation or honor, and include, *inter alia*, emotional distress claims. *See Fischer v. Johns–Manville Corp.*, 103 N.J. 643, 512 A.2d 466, 483 (1986) (O'Hern, J., dissenting on other matters).