**Leann M. SANBORN, Plaintiff**

v.

**Paul F. PRUE, Defendant.**

**No. 2:10–CV–426–JAW.**

United States District Court, D. Maine.

Dec. 29, 2010.

Opinion Denying Reconsideration Feb. 7, 2011.

---

Adam J. Shub, Daniel Rapaport, Megan Adele Sanders, Preti, Flaherty, Beliveau, Pachios & Haley, LLP, Portland, ME, for Plaintiff.

Nicole L. Bradick, Thomas L. Douglas, Murray Plumb & Murray, Portland, ME, for Defendant.

## MEMORANDUM DECISION ON MOTION FOR ATTACHMENT AND ATTACHMENT ON TRUSTEE PROCESS

JOHN H. RICH III, United States Magistrate Judge.

The plaintiff in this action alleging sexual abuse seeks an attachment against the defendant in the amount of $150,000. Motion for Attachment and Attachment on Trustee Process ("Motion") (Docket No. 4) at 1. I grant the motion.

### I. Applicable Legal Standard

A party may move for attachment in this court "in accordance with state law and procedure as would be applicable had the action been maintained in the courts of the State of Maine[.]" Local Rule 64. "An attachment of property shall be sought by filing with the complaint a motion for approval of the attachment. The motion shall be supported by affidavit . . . meeting the requirements set forth in subdivision (i) of this rule." Me. R. Civ. P. 4A(c). Subdivision (i) requires the affidavit to "set forth specific facts sufficient to warrant the required findings[.]" *Id.* (i).

Under Maine law, attachment and attachment on trustee process are available only for a specified amount, as approved by order of court, and only upon a finding that it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment and any liability insurance shown to be available to satisfy the judgment. *Id.* (c), Maine R. Civ. P. 4B(c). There has been no showing in connection with the motion for attachment in this case that any liability insurance is available to satisfy the judgment sought.

### II. Factual Background

The plaintiff offers the following relevant factual allegations in support of the motion by her own affidavit.

The defendant is her grandfather. Affidavit of Leann M. Sanborn ("Plaintiff's Aff.") (Docket No. 4–1) ¶ 3. From the approximate age of 7 until she was 15, the

plaintiff, now 22 years old, was physically sexually abused by the defendant. *Id.* ¶¶ 2, 4. When she was 9 or 10 years old, the plaintiff lived with the defendant and his wife for approximately one year. *Id.* ¶¶ 8–9. She disclosed the abuse to a school guidance counselor in 2003. *Id.* ¶ 14.

The Maine Department of Human Services investigated the abuse after this disclosure. *Id.* ¶ 16. In 2004, the defendant was indicted on 13 counts of unlawful sexual contact with the plaintiff and one other minor girl. *Id.* ¶ 18. The defendant pleaded guilty to 5 counts of assault and the charges of unlawful sexual contact were dismissed. *Id.* ¶ 20. The defendant served less than 6 months in jail and thereafter completed probation. *Id.* ¶ 23.

As a result of the abuse, the plaintiff has suffered significant mental health problems, educational problems, substance abuse, sleep disorders, and impairment to her earning capacity. *Id.* ¶ 27. She has been in counseling and will need ongoing medical intervention and therapy. *Id.* ¶ 28. She has no health insurance and has been unable to seek treatment for approximately the past two years. *Id.* ¶ 30.

The defendant does not directly deny the plaintiff's allegations of abuse. Rather, he asserts that she only lived in his residence "for a few weeks," Declaration of Paul F. Prue ("Defendant's Decl.") (Docket No. 10–1) ¶ 11; that she accused others of sexually abusing her, *id.* ¶ 22; that when he was charged with gross sexual assault he "maintained [his] innocence at all times[,]" *id.* ¶ 28; and that he pleaded guilty to assault because he could become a convicted felon and face up to ten years in jail if he went to trial, he was in poor health and his wife relied on him to take care of her, and going to trial would be expensive, but he never intended "to plead guilty to any charge that involved touching

of a sexual nature," and did not do so, *id.* ¶¶ 30–31.

## III. Discussion

■ The complaint in this case alleges the following counts: assault (Count I), battery (Count II), false imprisonment (Count III), intentional infliction of emotional distress (Count IV), and negligent infliction of emotional distress (Count V). Complaint and Demand for Jury Trial ("Complaint") (Docket No. 1) at 4–6. It also seeks punitive damages (Count VI). *Id.* at 7. The defendant pleaded guilty to five counts of assault. Judgment and Commitment (Docket No. 1–3) at 1. The Maine statute cited in the Judgment and Commitment provides as follows, in relevant part:

A person is guilty of assault if:

A. The person intentionally, knowingly or recklessly causes bodily injury or offensive physical contact to another person. Violation of this paragraph is a Class D crime[.]

17–A M.R.S.A. § 207(1)(A).

The complaint alleges in Count I that the defendant intended to subject the plaintiff to harmful or offensive contact, that he caused her to apprehend such contact, and that she suffered damages as a result. Complaint ¶¶ 32–35. In Count II, the complaint alleges that the defendant intended to and did cause harmful or offensive bodily contact to the plaintiff which caused her to suffer damages. *Id.* ¶¶ 37–40. These allegations certainly appear to be within the scope of the statute. This is sufficient to support an attachment, given what is presented in the plaintiff's affidavit and what is missing from the defendant's. *Jacques v. Brown*, 609 A.2d 290, 292 (Me. 1992).

■ The defendant contends that his plea will be inadmissible at trial, making it unavailable as a basis for attachment. De-

fendant's Objection to Plaintiff's Motion for Attachment and Attachment on Trustee Process ("Opposition") (Docket No. 10) at 5–7. However, this argument rests on Federal Rule of Evidence 609(a), *id.* at 6, which is not applicable in this context. Here, the plaintiff does not seek to use the fact of the plea "[f]or the purpose of attaching the character for truthfulness of a witness[,]" which is the stated subject matter of the rule. Rather, she seeks to use the fact of the plea as it was used in *Jacques*, to establish a fact otherwise at issue in the instant case.

The defendant next asserts that *Jacques* cannot be used as authority in this case because the defendant in that case pleaded guilty to a felony, while he pleaded guilty only to a misdemeanor. *Id.* at 7. He cites no authority for this proposition, and I am aware of none. Indeed, the available authority is to the contrary. *E.g.*, *Arrellano v. Nieves*, 911 F.2d 737 (table), 1990 WL 121289, at *2–*3 (9th Cir. Aug. 17, 1990) (explication of circumstances under which misdemeanor conviction will estop relitigation of issue in subsequent civil trial); *Franklin v. Thompson*, 981 F.2d 1168, 1170–71 (10th Cir.1992) (conditions under which misdemeanor conviction estops challenge to legality of arrest in subsequent civil action); *United States v. In*, No. 2:09CR00070 DS, 2010 WL 2869108, at *2 & n. 5 (D.Utah July 20, 2010). In addition, the type of criminal penalty involved played no part in the Maine Law Court's analysis in *Jacques*.

Finally, the defendant argues that the plaintiff cannot establish an "accurate assessment" of her damages due to her "history of making false allegations of sexual abuse" and the factual defenses he alleges. Opposition at 8–9. The plaintiff's first response is an assertion that the factual allegations supporting these arguments may not be considered by the court because the defendant submitted them in "unsworn declarations." Plaintiff's Reply to Defendant's Objection to Plaintiff's Motion for Attachment and Attachment on Trustee Process ("Reply") (Docket No. 15) at 5. This argument is incorrect.

The defendant's declaration (Docket No. 10–1), like those of Betty Prue (Docket No. 10–2), Paula McCorrison (Docket No. 10–3), and Doreen Norton (Docket No. 10–4), which are all of the declarations or affidavits submitted by the defendant in connection with this motion, includes the following final paragraph:

> Pursuant to 28 U.S.C. § 1746 and Maine Rule of Civil Procedure 4A(i), I state under penalty of perjury that the information set forth above is true and correct, based upon my personal knowledge, information and belief; and, so far as upon information and belief, I believe the information to be true.

Under 28 U.S.C. § 1746,

> [w]herever . . . any matter is required or permitted to be supported . . . or proved by the sworn declaration, . . . statement, oath, or affidavit . . . such matter may, with like force and effect, be supported . . . or proved by the unsworn declaration . . . in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
>         *       *       *
>
>   (2) If executed within the United States . . .: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
>              (Signature)"

The final paragraph of each of these declarations complies with this statute. Thus, while technically unsworn, the declarations provide information fully as reliable for purposes of the pending motion as

they would have been had they been sworn affidavits.

On the merits of this argument, the Law Court has said, in a case in which, like the instant case, the plaintiff claimed emotional distress damages, and the immediate issue was whether it was more likely than not that the plaintiff would prevail in the amount of $100,000 or more, that "[i]n cases involving dignatory torts, such as ... intentional infliction of emotional distress, evidence of a plaintiff's mental suffering is sufficient to support a substantial compensatory damage award." *Vogt v. Churchill*, 679 A.2d 522, 524 (Me.1996). The Law Court observed:

> Claims involving injury to one's dignity are, by their very nature, not susceptible to quantification by expert testimony or any other firm of evidence. In such cases, the fact finder at trial must decide what dollar amount will appropriately and fairly compensate the plaintiff for her injury. In the context of a motion for an attachment, the court must determine what kind of damage outcome is more probable than not, based on its experience with jury awards and the nature of the emotional distress described in the affidavits.

*Id.*

The emotional injuries described in the plaintiff's affidavits, Plaintiff's Aff. ¶¶ 27–29; Supplemental Affidavit of Leann M. Sanborn (Docket No. 15–1) ¶¶ 7–11, are similar to those recounted in *Jacques*, 609 A.2d at 292, where the Law Court, in 1992, upheld an attachment in the amount of $100,000. Based on this court's experience with jury awards in similar cases and the nature of the emotional distress described by the plaintiff, I conclude that she has demonstrated that it is more likely than not that she will recover an amount equal to or greater than $150,000 in this action.

### IV. Conclusion

Accordingly, the motion for an attachment in that amount is **GRANTED**.[1]

### *MEMORANDUM DECISION ON MOTION FOR RECONSIDERATION*[1]

The defendant seeks reconsideration of my decision granting the plaintiff's motion for an attachment in the amount of $150,000.00. He contends that my earlier decision is "clearly erroneous" because I erred in observing that he did not directly deny the plaintiff's allegations and because I "failed to properly credit the discrepancies between [his] plea to one count of simple assault ... and Plaintiff's numerous allegations in the instant case[.]" Motion at 2–3. I deny the request.

In support of his argument on the first point, the defendant proffers the affidavits of his wife and his granddaughter that the plaintiff's allegations "are absolutely un-

---

1. Citing 14 M.R.S.A. § 2601 and Me.R.Civ. P. 4B(a), the defendant contends that attachment on trustee process is not available to the plaintiff in any event. Opposition at 10. The statute makes trustee process unavailable "[i]n connection with the commencement of any personal action ... only for ... assault and battery." 14 M.R.S.A. § 2601. The instant action is not *only* for assault and battery; the complaint also asserts claims for false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress. Complaint at 5–6. In these circumstances, use of trustee process is not prohibited. *E.g., Calvert v. Corthell*, 599 A.2d 69, 72 (Me.1991).

1. The motion at issue was filed on January 12, 2011, and entitled Defendant's Objection to the Magistrate's Decision on Plaintiff's Motion for Attachment ("Motion") (Docket No. 23). On January 31, 2011, the parties consented to my jurisdiction over all further proceedings in this case. Docket No. 30. I, therefore, consider the objection as a motion for reconsideration of my earlier decision (Docket No. 18).

true." *Id.* at 2. Neither affiant asserts, however, that she was always present when the plaintiff and the defendant were together when the plaintiff was a child. Neither has, therefore, shown that she could have had the personal knowledge to make such a sweeping statement. And, while it is true that the defendant's own affidavit includes the statement that "[t]he allegations made against me by Leann Sanborn are absolutely untrue," Declaration of Paul F. Prue ("Defendant's Decl.") (Docket No. 10–1) ¶ 3, as I noted in my initial decision, Memorandum Decision on Motion for Attachment and Attachment on Trustee Process (Docket No. 18) at 3, what I find significant is that, after making this conclusory statement, the defendant's positive factual assertions address only peripheral matters regarding, *inter alia*, the circumstances of the plaintiff's stay at his residence and his guilty plea to assault.

Furthermore, even if my observation were incorrect, the defendant's assertion that he "maintained [his] innocence at all times[ ]" when he was charged with gross sexual assault, Defendant's Decl. ¶ 28, does not and cannot override the legal effect of his guilty plea to a charge of simple assault arising out of the same conduct that gives rise to the plaintiff's claims. The "discrepancies" cited by the defendant between his guilty plea to a charge of simple assault and the plaintiff's allegations of sexual assault in this case are not determinative of the motion for attachment.

As noted in my Memorandum Decision, attachment is available upon a finding that it is more likely than not that the plaintiff will receive judgment in an amount equal to or greater than the sum shown to be available to satisfy the judgment. Memorandum Decision at 1–2. There is no requirement that it is more likely than not that a plaintiff will prevail on *all* of the claims asserted in her complaint in order

to be entitled to a pre-judgment attachment under Maine law; she need only show that it is more likely than not that she will recover on at least *one* of her claims. Here, as I noted in my initial decision, the plaintiff has alleged an assault without any sexual element in Count I of her complaint, arising out of the same facts as those that underlay the criminal charge, and that is precisely the charge to which the defendant pled guilty. The plea alone is sufficient to establish the necessary likelihood of success on Count I.

The defendant also reasserts the arguments that he made with respect to the amount of the attachment sought in opposing the original motion for attachment. *Compare* Motion at 6–7 *with* Defendant's Objection to Plaintiff's Motion for Attachment and Attachment on Trustee Process (Docket No. 10) at 8–10. He has not demonstrated any "clear error" in my earlier decision on this point nor that the decision was contrary to law.

For the foregoing reasons, the motion for reconsideration is **DENIED.**