ENTERED NOV 1 8 2014

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-14-154

*JON-YOR-11-0714*

LAWRENCE W. PHILLIPS

Plaintiff,

v.                                                              **ORDER**

KATHLEEN PHILLIPS LABOMBARD,

Defendant.

## I. Background

### A. Procedural Posture

Lawrence W. Phillips ("Phillips") brings this action against Kathleen Phillips LaBombard ("LaBombard") alleging tortious interference with an expected inheritance. (Compl. 1-2, 5.) Phillips has moved to attach $630,000 pursuant to Maine Rule of Civil Procedure 4A and to attach $650,000 by trustee process under Rule 4B.

### B. Facts

Margaret Goldie Phillips ("Margaret") died November 27, 2013, at the age of 92 while residing in Washington, D.C. The Plaintiff is Margaret Phillips' nephew. Margaret's will, which is currently in probate in Washington, D.C., devised real and personal property to two nieces, two grandnieces, and the University of Maine. Margaret also had two Charles Schwab & Co., Inc. accounts ("the Schwab accounts") totaling over $1,800,000. Phillips' alleges LaBombard, through fraud, duress, undue influence, or forgery caused Margeret Phillips to remove him from the will and made herself the sole beneficiary under the Schwab accounts. Specifically, Phillips claims LaBombard told Margaret Phillips that he owed $400,000 in back taxes to the Internal Revenue Service

1

("IRS"). (Lawrence W. Phillips Aff. 2-3.) While Phillips concedes the IRS had "at one time" filed liens totaling approximately $400,000, after engaging an accountant, Phillips owed the IRS $7,000. (Lawrence W. Phillips Aff. 3.)

## II. Discussion

### A. Jurisdiction

As a threshold matter, LaBombard argues that this court lacks jurisdiction to hear this collateral attack, and Phillips should pursue his claims in the District of Columbia probate proceeding. The Law Court has expressly held that a plaintiff may elect to bring a tortious interference with an inheritance claim in a separate action for damages while a probate proceeding is pending. *Plimpton v. Gerrard*, 668 A.2d 882, 887 (Me. 1995). The court therefore has jurisdiction.

### B. Attachment Under Rules 4A and 4B

Under Rule 4A, attachment is a method of securing property held by the defendant to satisfy a potential judgment. M.R. Civ. P. 4A(a). Trustee process under Rule 4B permits a plaintiff to freeze a defendant's assets that are in a third party hands, such as a bank account. Kelly McDonald, *Attachment on Trustee Process: A Primer for the Practitioner*, 27 Me. B.J. 36 (2012). A motion for attachment "shall be supported by affidavit" which must

> . . . set forth specific facts sufficient to warrant the required findings and shall be upon the affiant's own knowledge, information or belief; and, so far as upon information and belief, shall state that the affiant believes this information to be true.

M.R. Civ. P. 4A(c), (i).

"Because prejudgment attachment may operate harshly upon the party against whom it is sought, there must be strict compliance with the procedures prescribed by

2

legislation and implemented by court rules." *Wilson v. DelPapa*, 634 A.2d 1252, 1254 (Me. 1993) (citations omitted). A court may grant attachment under Rule 4A only where it is "more likely than not that the plaintiff will recover judgment in an amount equal or greater than the aggregate sum of the attachment." *Trans Coastal Corp. v. Curtis*, 622 A.2d 1186, 1188 (Me. 1993), *citing* M.R. Civ. P. 4A(c), (g). The same standard applies to Trustee Process under Rule 4B. *See* M.R. Civ. P. 4B(c). "More likely than not" is a preponderance standard. *Jacques v. Brown*, 609 A.2d 290, 292 n.3 (Me. 1992). Parties seeking attachment must therefore establish by a preponderance of the evidence that they will succeed on the claim and they will be awarded a judgment in the amount they seek to attach. *Curtis*, 622 A.2d at 1188.

### C. Phillips' Motion and Affidavit Fails to Establish He Is "More Likely Than Not" to Prevail on His Claim.

Phillips brings a claim for tortious inference with expectation of an inheritance. The elements of this cause of action include:

> (1) The existence of an expectancy of inheritance; (2) an intentional interference by a defendant through tortious conduct, such as fraud, duress, or undue influence; (3) a reasonable certainty that the expectancy of inheritance would have been realized but for the defendant's interference; and (4) damage resulting from that interference.

*Morrill v. Morrill*, 1998 ME 133, ¶ 7, 712 A.2d 1039.

To prevail on the motion for attachment, Phillips must come forth with evidence that establishes, by a preponderance of the evidence, that he will prevail on this claim and will collect a judgment for the $630,000 and $650,000 he seeks to attach pursuant to Rules 4A and 4B. *See Curtis*, 622 A.2d at 1188.

The material allegations in Phillips' affidavit[1] state:

---

[1] The court grants LaBombard's motion to strike and considers only Phillips' original affidavit filed with the motion, and not the supplemental affidavit filed with the reply memorandum

The only reason I am not named in the will to receive any inheritance from my late aunt, Margaret G. Phillips a/k/a Margaret Goldie Phillips is that my sister Kathleen Phillips LaBombard, prior to July 26, 2013, told my late aunt that I owed the Internal Revenue Service $400,000, which is false; and, that my aunt should not leave me anything because it would go to the government and not me. (Phillips Aff. ¶ 14.)

Although at one time the IRS filed at the York County Registry of Deeds liens totaling approximately $400,000, after I engaged the services of an accountant the amount owed to the IRS was adjusted to approximately $7,000 plus interest and penalties. I never owed anywhere near $400,000 to the IRS. (Phillips Aff. ¶ 15.)

After July 26, 2013 and within a month before the death of Margaret G. Phillips a/k/a Margaret Goldie Phillips, Kathleen Phillips LaBombard through tortious conduct by means of fraud, duress, undue influence and forgery had the two Charles Schwab Corporation accounts payable only to Kathleen Phillips LaBombard upon the death of Margaret G. Phillips a/k/a Margaret Goldie Phillips. (Phillips Aff. ¶ 20.)

The affidavit further avers that but for LaBombard's acts, Phillips would have received the same 30% share LaBombard received from the estate, which including the Schwab Account would total $2,100,000. Phillips states his expectancy and thus damages total $630,000. (Phillips Aff. ¶¶ 21-26.)

Even taking all of the allegations contained in the affidavit as true, Phillips fails to demonstrate he will likely prevail on his claim. The first element requires Phillips establish he had an expectation of an inheritance. *Morrill*, 1998 ME 133, ¶ 7, 712 A.2d 1039. While the Law Court has held a child may establish an expectation of an

---

because the plain text of Rule 4A(c) and 4B(c) do not permit additional filings: "An attachment of property shall be sought by filing with the complaint a motion for approval of the attachment . . . supported by affidavit . . . A defendant opposing a motion for approval of attachment shall file material in opposition as required by Rule 7(c)." M.R. Civ. P. 4A(c); *see also Harris v. The Woodlands Club*, 2009 WL 1747883 (Me. Super. March 23, 2009) (Wheeler, J.) (striking supplemental affidavits filed with reply to defendant's opposition to attachment); *Hancock Lumber Co. Inc. v. Carbary*, 2012 WL 315645 (D. Me. Feb. 1, 2012) (noting that striking affidavit under Rule 4A would be proper where "plaintiff was attempting to supplement or correct obvious deficiencies in the evidence presented in the initial motion").

4

inheritance from a parent based on inference, *Morrill v. Morrill*, 679 A.2d 519, 521 (Me. 1996), this has not been extended to aunt/uncle-niece/nephew relationships. Phillips does not allege that a prior will or some estate planning devise entitled him to receive an inheritance, but rests solely on his status as Margaret's nephew. Nonetheless, Margaret's other devises were to nieces, and thus arguably Phillips fits within the class that qualifies as the natural objects of her bounty. The court may, for the purposes of analysis, assume Phillips had such an expectation, because ultimately the other elements are more problematic for his case.

Phillips alleges, without any further detail, that LaBombard engaged in fraud, duress, or undue influence to deprive him of the inheritance. Yet, by Phillips' own admission, "the only reason [he is] not named in the will to receive any inheritance" was because LaBombard told Margaret that Phillips owed $400,000 to the IRS and any bequest she made would go to the government. (Phillips Aff. ¶ 14.) Phillips goes on to concede that the IRS had indeed filed liens totaling "approximately $400,000," but LaBombard's statement was false because he only ended up having to pay $7,000. Phillips fails to allege when statements were made, what exactly was said, and perhaps most importantly, how LaBombard's statements were false in light of the fact the liens were indeed filed. These deficiencies carry into the third element: causation.

Phillips fails to establish that he would have received an inheritance but for LaBombard's statements. Again, Phillips does not allege that he was, or ever was intended to be named a beneficiary under the Schwab Accounts or a devisee under the will. Even assuming Phillips was contemplated as a beneficiary or devisee, if LaBombard

5

told Margaret that $400,000 in liens were filed, this was true and LaBombard has committed no wrongful act that deprived Phillips of an expectancy.

In sum, Phillips plainly fails to establish that it is "more likely than not that" he is entitled to damages and will recover a judgment equal to or greater than $630,000. M.R. Civ. P. 4A(c), (g); M.R. Civ. P. 4B(c).[2]

The Defendant's Motion to Strike additional affidavits filed by the Plaintiff is hereby GRANTED.

The Plaintiff's Motion for Attachment and For Attachment on Trustee Process is hereby DENIED.

SO ORDERED.

DATE:

11/7/14

_____
John O'Neil, Jr.
Justice, Superior Court

---

[2] The court further notes that Phillips' complaint may not adequately state a claim for which relief can be granted. A legally sufficient complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Phillips' allegations "must be enough to raise a right to relief above the speculative level," which, in light of the weaknesses discussed, it is not clear he has done. *See id.*

CV-14-154

ATTORNEY FOR PLAINTIFF:
MARK A KEARNS
LAW OFFICE OF MARK KEARNS
PO BOX 17915
PORTLAND ME  04112


ATTORNEY FOR DEFENDANT:
RICHARD ABBONDANZA
HOPKINSON ABBONDANZA
511 CONGRESS STREET SUITE 801
PORTLAND ME  04101

GERALD B SCHOFIELD
HOPKINSON & ABBONDANZA PA
746 HIGH STREET
BATH ME  04530