ENTERED JAN 2 9 2015

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-14-435

TDW-Cum-01-23-15

BRIANNE MARTIN, as next friend of K.F.H,

    Plaintiff

v.

    ORDER

STATE OF MAINE
Cumberland. ss, Clerk's Office

JAN 23 2015

RECEIVED

G.W.V.,

    Defendant

Before the court is plaintiff K.F.H's amended motion for an attachment.

Defendant essentially concedes that plaintiff is more likely than not to recover judgment against defendant. He opposes the granting of an attachment both on the grounds that plaintiff has not adequately demonstrated damages for emotional distress and on the ground that there is an adequate showing of the availability of insurance to satisfy the judgment.

On the issue of insurance, it is the defendant's burden to demonstrate the availability of insurance. Given the October 30, 2014 Braddish letter attached to defendant's affidavit and the potential exclusions discussed in that letter, the court cannot find that defendant has demonstrated that insurance will be available.

With respect to plaintiff's showing of emotional distress, the Law Court's decision in *Jacques v. Brown*, 609 A.2d 290, 292-93 (Me. 1992), demonstrates that a plaintiff seeking damages for sexual assault is not required to offer the kind of specificity that might otherwise be required in order to justify an attachment for emotional distress damages.

The court has carefully considered the submissions of plaintiff with respect to the actions complained of and the impact on plaintiff and finds that it is more likely than not that plaintiff will recover a judgment of at least $ 75,000.[1] However, it cannot conclude on this record that it is more likely than not that plaintiff will recover the emotional distress damages of $500,000 for which she is seeking an attachment.

In particular, the court does not find give any weight to the opinion of a Vermont attorney as to the potential damages that might be awarded in this case. First, the court questions whether what purports to be an expert opinion as to the likely award of damages is admissible. Second, Attorney Evers appears to be basing his opinion on the eventual amounts recovered in settlement or judgments. The court, however, can only consider the facts before it on the instant motion. After further evidence is presented of plaintiff's emotional distress, Attorney Evers's opinion may be correct, but that evidence has not been presented here.

The entry shall be:

Plaintiff's motion for an attachment is granted in part. Attachment and attachment by trustee process shall issue against defendant in the amount of $ 75,000.[2]

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: January 23, 2015

Thomas D. Warren
Justice, Superior Court

---

[1] In reaching this result, the court notes that defendant was only accused and convicted of unlawful sexual contact, not gross sexual assault, and that the facts presented in support of the motion with respect to the effect of defendant's actions upon the plaintiff are relatively sparse. No affidavit has been submitted from the plaintiff herself.

[2] Attachment shall issue in defendant's real name rather than the pseudonym currently being utilized in the pleadings and in the court's orders.

CLERK . COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

MICHAEL BIGOS ESQ
BERMAN & SIMMONS
PO BOX 961
LEWISTON ME 04243-0961

Plaintiff's Attorney

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

HUMPHREY JOHNSON ESQ
ROBINSON KRIGER & MCCALLUM PA
TWELVE PORTLAND PIER
PORTLAND ME 04101-4713

Defendants Attorney