STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-15-213

KATHLEEN KELLEY, individually
and as Personal Representative of the
Estate of Leon Kelley,

        Plaintiff

v.

        ORDER

MERRILL KIMBALL,

        Defendant

Before the court is plaintiff Kathleen Kelley's motion for an attachment on certain real property owned by defendant Merrill Kimball in joint tenancy with his wife, Karen Kimball.

The court concludes that Kelley has demonstrated that it is more likely than not that she will recover a judgment against Merrill Kimball on at least some of the claims asserted in the complaint. The disputed issue raised by this motion concerns whether Kelley has sufficiently demonstrated the amount of any damages that are likely to be awarded.

As counsel for Kimball emphasizes, the Law Court has required that a party needs to make a sufficiently specific showing of damages from which an "informed projection" can be made as to the amount of damages suffered. *Bowman v. Dussault,* 425 A.2d 1325, 1329 (Me. 1981). In this case that is a difficult task because Kelley has not offered any evidence as to the pecuniary damages that may be recovered by the Estate of Leon Kelley, and the remainder of the damages sought are for pain and suffering and emotional distress – both of the decedent and Kelley herself.

The affidavits submitted by Kathleen Kelley merely describe in summary fashion that defendant Kimball illegally entered premises owned by Stan Brown, assaulted and battered the decedent when asked to leave, and then shot the decedent in Kathleen Kelley's presence. The *Bowman* case demonstrates that an affidavit supporting an attachment for emotional distress and pain and suffering ordinarily must contain evidence as to the nature and extent of the emotional distress and other suffering for which an attachment is sought. In *Vogt v. Churchill*, 679 A.2d 522, 524 (Me. 1996), the Law Court noted that although emotional distress damages are not susceptible to quantification by expert testimony or other evidence, an attachment can be based on the "nature of the emotional distress described in the affidavits." In this case, however, the moving party's affidavits do not contain any description of the nature of the pain and suffering or emotional distress that was allegedly suffered by the decedent or by Kathleen Kelly.

However, in *Jacques v. Brown*, 609 A.2d 290, 292-93 (Me. 1992), the Law Court suggested that some wrongful acts are so likely to cause emotional distress that an attachment can be granted even without some of the specific evidence that would otherwise be required. *Jacques* involved a plaintiff who was suing her father for sexual assaults for which the father had been convicted. Although more evidence was apparently offered by the plaintiff in *Jacques* to support her claim for damages than Kelley has presented here,[1] the Law Court stated that the sexual assaults "in and of themselves" were sufficiently invasive that an attachment of $100,000 could be sustained. 609 A.2d at 293.

Similarly in this case, the court concludes that the facts set forth in plaintiff's affidavit, in and of themselves, make it likely that a judgment in plaintiff's favor would include a six figure damage award. However, given the absence of any evidence as to pecuniary damages, as to the

---

[1] The Law Court noted that the plaintiff in *Jacques* had alleged that her father's sexual attacks had caused a change in her personality and had adversely affected her relationship with her husband. 609 A.2d at 292.

2

emotional distress that was suffered by the decedent and by Kathleen Kelley, as to any pain and suffering experienced by the decedent during the events that preceded the shooting, and as to whether the decedent experienced any conscious pain and suffering from the shooting, the court cannot justify an attachment in excess of $100,000 but will conclude that it is likely that Kelley will recover at least that amount for purposes of the motion for attachment.

Kimball also argues that there is a homeowners' policy covering up to $500,000 and that Kelley has not proven on this record that the amount of damages would likely exceed $500,000. The insurance policy is in the record and contains a standard exclusion for bodily injury which is "expected or intended" by the insured. Policy Section II at p. 19, Exclusions, Section A.1. Under these circumstances the court concludes that it is not likely that there would be liability insurance available to satisfy an anticipated judgment of $100,000 in this case.

The entry shall be:

Plaintiff's motion for attachment is granted in part. An attachment shall issue against defendant's real property in the amount of $100,000. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: October _9_, 2015

Thomas D. Warren
Justice, Superior Court

STATE OF MAINE
Cumberland ss Clerk's Office

OCT 09 2015

RECEIVED

3

OF COURTS
erland County
Street, Ground Floor
nd, ME 04101

GARY GOLDBERG, ESQ.
TERRY, GARMEY, & ASSOCIATES, LLC.
482 CONGRESS STREET, SUITE 402
PORTLAND, ME. 04101

OF COURTS
erland County
Street, Ground Floor
nd, ME 04101

DAVID KREISLER, ESQ.
TERRY, GARMEY & ASSOCIATES, LLC.
482 CONGRESS STREET, SUITE 402
PORTLAND, ME. 04101

OF COURTS
erland County
Street, Ground Floor
nd, ME 04101

CHRISTIANE D. WILLIAMS, ESQ
TERRY, GARMEY, & ASSOCIATES, LLC.
482 CONGRESS STREET, SUITE 402
PORTLAND, ME. 04101

OF COURTS
erland County
Street, Ground Floor
nd, ME 04101

HEIDI J. HART, ESQ
RICHARDSON, WHITMAN, LARGE & BADGER
465 CONGRESS STREET
P.O. BOX 9545
PORTLAND, ME. 04112

OF COURTS
erland County
Street, Ground Floor
nd, ME 04101

JOHN WHITMAN, ESQ
RICHARDSON, WHITMAN, LARGE & BADGER
465 CONGRESS STREET
P.O. BOX 9545
PORTLAND, ME. 04112